### SIMMES v. CHICOT COUNTY.

COUNTY COLLECTORS: *Attorneys' fees in suits against.*

The allowance to a collector of an attorney's fee, under sec. 5859, Mansf. Dig., which provides, that when an action is brought against a county collector for performing, or attempting to perform, any duty with reference to the collection of the public revenues, he "shall be allowed and paid out of the county treasury, reasonable fees of counsel," is by way of reimbursement or indemnity to the collector, and is to be made by the county court on a settlement with him. He has no power to bind the county for the payment of such fees, and he alone is liable to the attorney he employs.

APPEAL from *Chicot* Circuit Court.

C. D. WOOD, Judge.

*Dodge & Johnson*, for appellant.

Appellants were retained by the county to represent the county's interest; they were successful; the services were rendered; and the attorneys were entitled to their fee. The demand was duly verified. *Sec.* 1065, *Mansf. Dig.*; *Ib.*, sec. 1412. All the requirements of the law were complied with.

Section 5859 has no bearing on this case. It applies only to attorneys employed by the collector, and provides for his reimbursement. In this case the county retained appellants.

Simmes v. Chicot County.

The account and affidavit fulfilled every requirement of the statute, and the demurrer admitted that the services were rendered. This court takes judicial knowledge that appellants prosecuted the case to final judgment in the supreme court. 46 *Ark.*, 502.

*D. H. Reynolds*, for appellee.

This is an extraordinary fee against the county in a case in which the county was not, and could not properly be made a party to the record. 33 *Ark.*, 450.

The county was not a party to the suit, and had no such interest in it as would authorize the retention of counsel, and it *did not* retain appellants in the case ; and it refused to pay the claim because it was under no moral or legal obligation to do so.

The collector, under section 5859, might maintain a claim for reimbursement for fees or other expenses, but he is not authorized to employ counsel and send them to the county for payment. See 37 *Ark.*, 117.

The demurrer only admits facts well pleaded, and it is nowhere alleged in the demand that appellants *were retained* by the county court.

This court does not look to cases adjudicated here *for the facts,* but only for the law. 37 *Ark.*, 117.

COCKRILL, C. J. The appellants presented the following demand, duly verified, to the county court of Chicot county for allowance, viz :

Simmes v. Chicot County.

"*Chicot County*

        *To*    SIMMES & GAINES, .  *Dr.*

1887.

Jan. 11th.  To amount of fee for services in Chicot circuit court and in supreme court of Arkansas, on appeal, in the case of L. H. Springer vs. Abner Gaines, collector of Chicot county, to enjoin payment of 20 mills, judgment tax levied pursuant to mandamus from federal court for eastern district of Arkansas, involving about $24,000, the case being won on appeal.................................... $2,000."

The county court rejected the demand. On appeal to the circuit court the county was permitted to enter a demurrer in short upon the record to the statement set forth above; the court sustained the demurrer, and, the plaintiffs not offering to amend, dismissed their action.

Treating the plaintiffs' statement of their account as a complaint, as the parties did in the trial court, and now do here, the judgment must be sustained. Admitting the truth of all the plaintiffs set out in the statement of their demand, nothing is shown to be due them from the county. It is not alleged that they were employed by the county court—where alone the power to bind the county is vested —but only that they performed services in a suit wherein the county collector of taxes was a party. The presumption is that the services were performed for a party to the suit, and we may infer that that party was the collector. But the collector has no power to bind the county to pay attorneys' fees or other expenses of suits brought against him. In the absence of statutory regulation, he, alone, is liable in such

cases. *Fry v. Chicot County,* 37 *Ark.,* 117. The statute (*sec.* 5859 *Mansf. Dig.*) makes provision for an allowance by the county court in his favor for reasonable attorney's fees and other expenses incurred in defending suits brought against him for performing or attempting to perform any duty in reference to the collection of the revenue. But this is by way of reimbursement or indemnity to the officer. His liability to the attorneys whom he employs remains, and he looks to the county court for indemnity. It is like the attorney's fee that the courts were formerly authorized to assess against the losing party upon the dissolution of an injunction, or the attorney's docket fee in favor of the successful litigant. They were recovered not at the instance of the attorney who rendered the services, but by his client to aid him in defraying the expenses of the litigation. *Bostick v. Cox,* 28 *Ark.,* 566; *England v. Files,* 45 *Ark.,* 530.

Reasons of policy may have influenced the legislature in directing that the settlement in such a case should be made by the county court with the officer whose accounts pass through that tribunal, rather than with the attorney employed by him. Finding it so directed is enough f judicial department.

It was not error for the county court, or the circuit court on appeal, to refuse to make the allowance to the plaintiffs.

Affirm.