The Honorable Kevin Smith State Representative 1609 Coker-Hampton Drive Stuttgart, Arkansas 72160
Dear Representative Smith:
This is in response to your request, on behalf of a school superintendent, for an opinion on the following question:
 Is it legal for the quorum court to help pay attorney's fees in a case which generates money for the county, even though the county did not enter the lawsuit at its inception? Such as, helping pay a prorated amount of attorney's fees to a school district which entered and won a case against a taxpayer which not only generated new tax monies for the district but the county as well?
It is my opinion that the answer to the question will depend upon all of the relevant facts and circumstances surrounding the litigation. I have not been presented with any facts in this regard. The question indicates that the county was not a party to the lawsuit "at its inception." The question does not indicate, however, whether the county was ever made a party. It is my opinion that if the county was never a party to the lawsuit, it can not be made to bear the expense of the litigation. See Simmes v. Chicot County, 50 Ark. 566, (1888), and cf. generally, Board of Education of Lonoke County v. Lonoke County, 181 Ark. 1046, 1052, 29 S.W.2d 268 (1930).[1]
Additionally, even if the county were a party, there is some support for the proposition that it should be represented by its own counsel, whether the prosecuting attorney or the county civil counsel, rather than paying separate sums to help defray the costs of another party's counsel. See Buchanan v. Farmer,122 Ark. 562, 184 S.W. 33 (1916) (stating that the "presumption is that the county court will not put the county to the expense of extra counsel, unless such service is needed, but the action of the court in this regard, is a matter in which its judgment and discretion is open to review of the appellate courts"). Finally, any payment toward the school district's legal fees would have to be preceded by an appropriation of the quorum court. Section 14-14-1102(b)(2)(B)(iv) of the Arkansas Code provides that before approving any voucher for payment of county funds, the county judge shall determine, among other things, that the goods or services for which expenditure is to be made have been rendered and the payment thereof has been incurred in a lawful manner and is owed by the county. Whether the payment of attorneys fees is actually "owed" by the county would involve an analysis of all the pertinent facts.
In sum, I cannot provide a definite answer to your question is the absence of detailed facts regarding the litigation. It may well be, however, that the county would be prohibited from contributing toward the legal expenses of a school district, even if some benefit accrued to the county, if the county were never a party to the lawsuit.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh
[1] In Lonoke County, the county hired an attorney to represent it in recovering county and school funds which were deposited in a bank which failed. After successful recovery of the funds, the county court entered an order prorating the attorneys fees and charging a portion thereof against the school funds, which order was upheld on appeal to the chancery court and in Lonoke County. The court stated that "where recovery is had for several, natural justice requires that the expense be borne by each in proportion to the benefits received." In my opinion, however, this case is distinguishable from the facts at hand. In Lonoke County, the county was the custodian of the school funds and had a duty to act to recover them. In addition, an order of a court had rendered the school funds chargeable with the attorneys fees. It is not clear from the facts presented in your question whether either of these elements is present.