STATE, USE IZARD COUNTY, V. HINKLE.

1. COUNTY COURT: *Allowances by, how reviewed.*
   An order of allowance by the County Court may be reviewed, or opened—
   First. By appeal to the Circuit Court.
   Second. By *certiorari*, where it appears, upon the face of the record, that the claim allowed was not, by law, a charge against the county, and the court had no authority, or discretion, to allow it upon any evidence that could be adduced.
   Third. The County Court is authorized to call in its warrants for review, etc., once in three years, and can then reject any warrants founded upon claims illegally or fraudulently allowed.
   Fourth. In chancery, for fraud, accident, or mistake.

APPEAL from *Izard* County.

Hon. J. L. ABERNETHY, Special Judge.

*U. M. Rose,* for appellant.

" An action for moneys fraudulently obtained, although at different times, and by divers frauds, is held to embrace but one cause of action." *Bliss on Code Pleading, Sec.* 118.

The County Court, when engaged in passing upon claims presented before it, acts merely as the financial agent of the county, and, by such proceedings, it can create no estoppel. *Shirk* v. *Pulaski County,* 4 *Dillon,* 209 ; *Campbell* v. *Polk,* 3 *Iowa,* 467 ; *Washington County* v. *Parlier,* 10 *Ills.* (5 *Gill.*), 232.

The allowances were illegal. *Sec.* 604, *Gantt's Digest; Fee Bill,* 1875, *Dec.* 7 ; *Sec.* 2847, *Gantt's Digest.*

### STATEMENT.

This action was brought in the Circuit Court of Izard county, in the name of the State for the use of Izard county, against John M. Hinkle, late sheriff thereof.

The object of the suit was to recover of Hinkle the aggregate amount of certain fees, which had been paid him as sheriff, by issuing warrants upon the county treasurer, under orders of allowance, made at different times by the County Court, and which, it was alleged, he was not, by law, entitled to.

In the complaint, as originally filed, there were nine Code paragraphs, each one setting out the items in an account claimed to have been improperly allowed Hinkle, making, in all of the accounts, twenty-four items—amounting to $355.70, for which judgment was prayed.

I. In the first paragraph it was alleged, in substance, that Hinkle, on the fifth of January, 1875, filed with the county clerk an account for services claimed to have been rendered by him as sheriff, amounting to $190.10, in which the following items, not allowed by law, were charged against said county :

1. Summons alt. petit jury, November term......$ 7 50
2.     "        grand  "      "     "   ...... 7 50
3. Mileage, summoning juries.................. 12 00
4. Waiting on grand jury, per Wm. Jones, bailiff,
      five days................................ 15 00
5. Opening and adjourning court, Nov. term..... 2 25
6. Cash paid for lodging of three guards and four
      horses................................... 3 50
7. To J. Hinkle for lodging guards.............. 3 75

The above items, the complaint alleged, amounting to $51.50, being other fees than were allowed by law, were charged, demanded and received by defendant from said county.

II. In the second paragraph it was alleged, in substance, that defendant, on the sixth of April, 1876, filed with the clerk an account for services, claimed by him to have been rendered as sheriff, amounting to $55.75, in which the following item, not allowed by law, was charged and received by him :

8. To advertising collector's notices in fourteen
      townships, $2...........................$28 00

III. The third paragraph alleged, in substance, that, on the fourth of October, 1876, defendant filed with the clerk an account for services claimed to have been rendered by him as sheriff, for $123.50, in which the following item was charged :

9. To delivering notice to forty judges of election,
      at seventy-five cents each................$30 00

And it was alleged that the poll-books were notices to the judges, for which the defendant was entitled to $2.00, and that the above item was not allowed by law, but that the defendant charged, demanded and received it from said county.

IV. In the fourth paragraph it was alleged, in substance, that on the third of January, 1877, defendant filed with the clerk an account for $205.86, for services claimed to have been rendered by him as sheriff, in which the following items, not allowed by law, were charged:

10.–11. To mileage; summons grand and petit
jury.................................$12 00
12. Waiting on grand jury by S. R. Smith, six days, 18 00
13. Summoning witnesses before the grand jury.. 41 60

Which said amount of *fifty-eight dollars and ten cents* (as is alleged), so charged as aforesaid, was afterwards demanded and received by defendant from said county.

V. In the fifth paragraph it was alleged, in substance, that on the twenty-ninth of March, 1877, defendant filed with the clerk an account for $142.75, in which the following item, not allowed by law, was charged against said county:

14, Posting up collector's notices in eleven town-
ships.................................$22 00

Which sum of $22 defendant afterwards received from said county, and was ordered by the County Court to refund the same, but had failed to do so.

VI. In the sixth paragraph it was alleged, in substance, that on the sixteenth of July, 1877, defendant filed with the clerk an account for $169.75, in which the following items, not allowed by law, were charged against said county:

State, use Izard County, v. Hinkle.

15.  To mileage summoning grand and petit jury..$12 00
15a. To summoning twenty-four witnesses before the
        grand jury, excess for mileage............. 40 75
16.  To J. F. Landers, as bailiff of grand jury, six
        days, $3.00............ ................. 18 00
17.  Services of John Kerr at Circuit Court....... 2 00
18.  Services of J. D. Simpson as deputy sheriff,
        four days, at $3.00..................... 12 00

Which, amounting to $74.75, so charged, defendant afterwards received from said county.

VII.  In the seventh paragraph it was alleged, in substance, that on the eighth of January, 1878, defendant filed with the clerk an account for services claimed to have been rendered by him as sheriff, for $108.95, in which the following items, not allowed by law, were charged:

19.  To mileage, summoning grand and petit jury.  $11 50
20.  S. R. Smith, as bailiff of grand jury, six days,
        three dollars.......................... 18 00

Which, amounting to $28.50, so charged, was afterwards received by defendant of said county.

VIII.  In the eighth paragraph it was alleged, in substance, that defendant, on the first of July, 1878, filed with the clerk an account for $119.65, in which the following items, not allowed by law, were charged:

21.  To mileage, summoning juries........... $12 00
22.  Serving twelve subpœnas for witnesses before
        the grand jury...................... 24 55
23.  Service of bailiff for grand jury, six days,
        three dollars.......................... 18 00

Which, amounting to $48.55, so charged, was afterwards received by defendant of said county.

IX.  In the ninth paragraph it was alleged, in substance, that on the ninth of October, 1878, defendant filed with

the clerk an account for services, in which was the following item:

24.   To serving notices on thirty-three judges of
        election, at seventy-five cents each.......... $24 75

And it was alleged that delivering the poll books was notice to the judges of election, for which defendant was allowed a fee of $2, and that said charge of $24.75, though for fees not allowed by law, was afterwards received by defendant of said county.

The complaint concluded by alleging that the above facts would appear by the original accounts on file in the office of the county clerk, and that defendant having therein charged and received from the county the twenty-four items above specified, and not allowed by law, amounting in the aggregate to $355.70, an action had accrued to the plaintiff for the same, etc.

The defendant filed a motion to require the plaintiff to make the complaint more specific, which was sustained by the court, and thereupon plaintiff filed an mendment to the complaint, in substance, as follows:

That the several and various accounts or demands which plaintiff charged defendant with having filed with the clerk against said county, as stated in the original complaint, were duly and regularly presented to the County Court, in term time, and the several items therein charged were allowed by said court, and an order made and entered of record by the court that the clerk issue his warrants upon the treasurer of the county for the payment of the same; and that afterwards defendant received said several warrants from the clerk for the said sums so ordered by the court to be paid.

That said accounts were presented to, and allowed by, the County Court at the several terms of the court held

immediately following the filing of said claims with the clerk as aforesaid, and that said claims were allowed by the court under a misapprehension of the law governing the fees of officers at the time said allowances were made.

That the account referred to in the fifth paragraph of the original complaint, embracing the following item, number 14, to-wit: "Posting up collectors' notices in eleven townships, $22.00," was allowed by the court at the April term, 1877, and the warrant therefor was issued to defendant by the clerk; and during the same term the court, after having notified defendant that said item of $22.00 was illegal, rescinded said order of allowance as to said item of $22.00, and made an order requiring said defendant to return into court so much of said warrant or scrip as amounted to the said $22.00, which order said defendant refused to obey and comply with, and still refuses so to do.

That item, No. 13, in the account referred to in paragraph IV. of the original complaint—"Summoning wit ness before the grand jury, $41.60"—was composed of of the following specified items, as stated in said account, to-wit:

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Serving eight grand jury subpœnas | | | | | | $ 6 | 60 |
| " | one | " | " | " | J. F. Landers. | 1 | 30 |
| " | " | " | " | " | Montgomèry .. | 1 | 25 |
| " | " | " | " | " | E. G. Landers. | 1 | 35 |
| " | three | " | " | " | J. H. Miller.. | 9 | 00 |
| " | five | " | " | " | A. L. Sablett.. | 11 | 50 |
| " | eight | " | " | " | G. R. Landers. | 10 | 60 |

Which sums, so charged, it was alleged, were in the aggregate $28.10 in excess of the fees allowed by law for such services.

That the sum of $40.75, as stated as cause of action

in paragraph VI. of the original complaint, item No. 15a
was composed of the following specified items, as stated
in the account referred to in said paragraph, to-wit:
"To serving twenty-four grand jury subpœnas by depu-
ties, $52.75," which sum was $40.75 in excess of the fees
allowed by law for such services.

That item No. 22, paragraph VIII. of the original com-
plaint, to-wit: "To serving twelve subpœnas for wit-
nesses before grand jury, $24.55," was $18.55 in excess
of the fees allowed by law for such services.

Defendant demurred to each paragraph of the com-
plaint as amended, on the following grounds:

1. That the court had no jurisdiction of the several
and separate causes of action set forth in the several par-
agraphs of the complaint, or any one of them.

2. That said several and separate paragraphs, nor any
one of them, stated facts sufficient to constitute a cause
of action against defendant.

The court sustained the first cause of demurrer as to the
fifth paragraph, and the second cause of demurrer as to
each of the other paragraphs; and the plaintiff resting,
the complaint was dismissed at plaintiff's cost.

OPINION.

ENGLISH, C. J. This action was commenced 26th Nov-
ember, 1879, and was brought in the name of the State, for
the use of Izard County, as provided by the Act of 27th
February, 1879. (*Acts of* 1879, *p.* 13.)

The court below no doubt sustained the first cause of
demurrer, (want of jurisdiction,) to the fifth paragraph of
the complaint, because though the order of allowance, set
forth in that paragraph, had been rescinded by the County
Court, at the term at which it was made, and when under

its control, yet the sum claimed in the paragraph, being but $22, was not within the jurisdiction of the Circuit Court.

And the court doubtless sustained the second cause of demurrer to each and all of the other eight paragraphs of the complaint, because it was unwilling to treat the orders of allowance therein set forth, when questioned collaterally, as not having the solemnity and conclusiveness of judgments.

This court has treated orders of the County Courts, allowing claims against counties, as well as orders of the Probate Courts, allowing claims against estates of deceased persons, as in the nature of judgments. *Rieff et al.* v. *Conner et al.*, 10 *Ark.*, 241; *Desha Co.* v. *Newman*, 33 *Ib.*, 783[i]; *Carnall* v. *Crawford County*, 11 *Ib.*, 604; *Borden* v. *State*, *Ib.*, 519.

Allow-
ances of
County
Court,how
reviewed.
An order of allowance, made by the County Court, may be reviewed or opened in several modes:

*First.* By appeal to the Circuit Court.

*Second.* It may be quashed on *Certiorari* by the Circuit Court, where it appears from the face of the record that the claim allowed was not, by law, a charge against the county, and the court had no authority or discretion to allow it upon any evidence that might have been introduced. *Jefferson County* v. *Hudson, Sheriff*, 22 *Ark.*, 595.

*Third.* The statute empowers the County Courts, as often as once in three years, to call in all outstanding warrants, to examine and cause them to be renewed, if legally issued, and, if not, to reject them. Thus the Legislature has empowered County Courts to review allowances made at previous terms, and, if made without authority of law, to reject warrants issued upon them, and also to reject war-

State, use Izard County, v. Hinkle.

rants otherwise illegally or fraudulently issued, as held in. *Desha County* v. *Newman, Sup.*

*Fourth.* An order of allowance may be opened in Chancery, as any other judgment, for fraud, accident or mistake, on a proper case made.

In *Shirk* v. *Pulaski County*, 4 *Dillon,* 209; the suit was upon warrants issued upon allowances made for five and ten. times the value of the claims, in violation of law, and in fraud of the public ; and the court upon equitable principles, cut down the warrants so as to make them represent the value of the claims on which they were issued.

In this case it is alleged in this complaint that the items. in the several accounts objected to were allowed by the County Court under a misapprehension of the law governing the fees of officers, at the time the allowances were made, but no fraud is alleged.

To treat the orders of allowance as null and void in this. suit, to strip them of all solemnity and conclusiveness as judgments, questioned as they are, collaterally, would be going a length which this court has never sanctioned ; and there is no necessity for it when other remedies, as above shown, are provided. But there is a further trouble in this case. It is in the nature of the common law action for money had and received by appellee, at different times, for the use of Izard County. The complaint, taken as a whole, alleges in substance, that at each of the nine terms of the County Court, an account was allowed in favor of appellee for a sum named, and a warrant ordered and issued by the clerk upon the treasurer for the amount, and that in each of the accounts there was one or more items for fees not allowed by law ; but it is not alleged that any of these warrants were paid by the treasurer, or that appellee obtained any money upon them.

For anything that appeared in the complaint as amended,

these warrants may all have been in the hands of appellee when the suit was brought, part of each warrant, according to the theory of complaint, being for fees not allowed by law.

See *Abbott's Trial Evidence, pp.* 277, 275, etc.