## ST. FRANCIS COUNTY *v.* ROLESON.

Opinion delivered January 21, 1899.

JUDGMENT OF COUNTY COURT—CONCLUSIVENESS.—An action will not lie before a justice of the peace to recover the amount of a claim against a county which had been allowed by the county court and paid by the county. (Page 140.)

Appeal from St. Francis Circuit Court.

HANCE N. HUTTON, Judge.

### STATEMENT BY THE COURT.

This case was appealed to this court from St. Francis circuit court under an agreed statement of facts, which was made part of the record, and which we copy verbatim from the record, as follows:

"In the St. Francis circuit court, St. Francis County v. R. F. Roleson. It is agreed that the defendant was the regular

prosecuting attorney of this court, and represented the State of Arkansas in the prosecution of the case of the State of Arkansas against James Cannon, in St. Francis circuit court; that said Cannon was convicted of murder in the first degree, and sentenced to be hanged; that afterwards, on appeal to the supreme court, the judgment of the circuit court was reversed, and the cause remanded; that, before the reversal of said cause in the supreme court, the defendant, H. F. Roleson, presented to the county court of St. Francis county his account for the fee, which had been certified as correct by the circuit court, and, after having been considered and examined by the county court in the term time, was allowed and ordered paid in the sum of $75 for the same; that demand has been made on him for a return of the amount, and he has refused to return it. [Signed]   St. Francis County, by John   T.   Hicks, prosecuting attorney; H. F. Roleson."

The county brought suit against a justice of the peace for the said $75, and judgment was awarded the defendant Roleson, whereupon the county appealed to the circuit court, where, after trial, judgment was again given for the defendant, whereupon the plaintiff appealed to this court.

*E. B. Kinsworthy*, Attorney General, and *Chas. Jacobson* for appellant.

A *verdict of guilty*, without a final and valid judgment thereon, is not a *conviction,* within the meaning of the statutes (Sand. & H. Dig. 3304) giving a prosecuting attorney a stated fee for each *conviction, etc.*   47. Ark. 443; Rap. & Law. Law Dict.—"*Conviction;*" Black's Law Dict.; 58 Ark. 161; 48 Me. 123; 14 S. & R. (Pa.) 69; 6 Lea, 637; 52 N. Y. 593; 64 N. Y. 47; 69 N. Y. 107; 10 S. & M. (Miss.) 192, 236; 1 N. Y. Civ. Pro. 47; 99 Mass. 420; Cowp. 1, 3; 2 Mass. 106; 1 Ill. 311; 10 Tex. Cr. App. 469; 24 Fla. 153; 15 East, 570; 79 Va. 616.

*H. F. Roleson, pro se.*

A judgment of the county court cannot be reviewed in a justice of the peace court.

HUGHES, J., (after stating the facts.)   Certainly the judgment of the county court allowing this claim could not be

disregarded or held for naught, in an action brought before a justice of the peace to recover the amount of a claim which had been allowed by the county court, and paid by the county. A judgment of the county court cannot be reviewed by a justice of the peace. If the judgment was erroneous, it might have been reviewed on appeal. If fraudulently obtained, it might have been set aside for fraud by bill in chancery. Constitution of 1874, art. 7, § 51; Sand. & H. Dig. §§ 1264, 1265, 1266; *Pettigrew* v. *Washington Co.*, 43 Ark. 33. In a case where it appears the county had no authority or discretion to allow a claim against the county, the order of allowance may be quashed on certiorari. See *State, use of Izard County* v. *Hinkle*, 37 Ark. 532.

Judgment affirmed.