## SALINE COUNTY v. KINKEAD.

## Opinion delivered November 11, 1907.

1. STATUTES—SPECIAL AND GENERAL.—Where a special act applies in a particular case, it excludes the operation of a general act upon the same subject. (Page 330.)

2. COUNTY—VERIFICATION OF FEE BILLS.—Section 3517, Kirby's Digest, which provides the mode of verifying fee bills, excludes the operation, as to fee bills, of the general statute (Kirby's Digest, § 1453) providing the method of verifying claims against counties. (Page 330.)

3. COUNTY COURT—JURISDICTION.—The jurisdiction of a county court to determine a claim against the county does not depend upon whether the claim was verified or not. (Page 331.)

4. SAME—APPEAL—AMENDMENT.—Where a claim presented against a county was not verified in the county court, and was disallowed, and an appeal was taken to the circuit court, the latter court had the power, upon a trial de novo, to permit the claim to be amended so as to supply the affidavit of verification. (Page 331.)

Appeal from Saline Circuit Court; W. H. Evans, Judge; affirmed.

W. L. Cooper and W. R. Donham, for appellant.

Claims not verified until after motion to dismiss appeal was overruled. No affidavit and prayer for appeal as provided by § 1487, Kirby's Digest. No bond given. *Ib.* § 1488. The circuit court acquired no jurisdiction. It was *coram non judice.*

The fee bill was claimed under § 3818, Kirby's Digest, which requires it to be sworn to.

*J. W. Westbrooke,* for appellees.

No motion to strike was made, and too late to complain now. The affidavit is not jurisdictional. The case is tried *de novo* in circuit court, and an affidavit may be attached conveying the want of it below. The presumption is the claim was based on a meritorious prosecution.

HART, J. On the 11th day of April, 1906, the itemized fee bill of J. C. Kinkead and G. R. Kelley for fees due them, respectively, as justice of the peace and as sheriff in an examining trial in the case of State of Arkansas *v.* Joshua C. Holloman was filed in the Saline County Court.

On May 26, 1906, the claim was presented to the county court, and it was allowed in part and disallowed in part. Claimants appealed to the circuit court. The county judge, on behalf of Saline County, filed a motion to dismiss because the claim was not sworn to as required by statute.

The affidavits to the claim bear the date of March 12, 1907, and the case was tried in the circuit court at its March term, 1907. The circuit court allowed the claims in full, and Saline County has appealed. Section 1453 of Kirby's Digest, the general act in regard to the presentation of claims to the county court, is not applicable to this case, for the reason that there is a special statute directing the manner in which fees accruing in examining trials shall be presented. Where there is special act made to apply in particular cases, it only applies, and not the general act. *Mills* v. *Sanderson,* 68 Ark. 130.

Section 3517 of Kirby's Digest, the special act under which this claim was presented, provides, among other things, that "the justice or other officer or person to whom any fees may be due shall make out a fee bill for its cost allowed by law, which may have accrued in said case, and shall present to the county court an itemized account, duly sworn to, which shall be

examined as provided in the following section, and, if found correct, audited and allowed by the county court."

No objection was made to the fee bill by the county court because it was not properly itemized nor because it was not verified. The record shows that it was allowed in part and disallowed in part.

Whether or not there was actually an affidavit verifying the fee bill filed with it in the county court does not certainly appear, but it seems to have been taken for granted in the circuit court that there was none. It is insisted that such affidavit was necessary to give the court jurisdiction. It was no doubt competent, and, indeed, it was the duty, of the county court to have rejected this claim for the reason that it was not sworn to as required by statute. But its jurisdiction did not depend upon such verification. Section 28, art. 7, of the Constitution invests the county court with exclusive original jurisdiction in all matters relating to the disbursement of money for county purposes and in every other case that may be necessary to the local concerns of the county. Here is the source of jurisdiction.

The provisions of section 3517, *supra,* do not make the filing of the affidavit a prerequisite to the exercise of the jurisdiction. It directs that the fee bill shall be sworn to, but the neglect of the claimant to thus verify it does not oust the county court of its jurisdiction.

Section 51, art. 7, of the Constitution provides that in all cases of allowances made for or against a county an appeal shall lie to the circuit court, and that the matter shall be tried in the circuit court *de novo.* The circuit court in its discretion may permit any amendments that do not change the original cause of action. *Freeman* v. *Lazarus,* 61 Ark. 253; *Railway Co.* v. *Lindsay,* 55 Ark. 282.

In other words, it may do what the county court has the power to do—dismiss the claim for want of verification where there is no excuse for the omission, or no offer to amend by supplying the affidavit required by statute, or, as was done in this case, permit an amendment supplying the affidavit.

Judgment affirmed.