## FELSBERG v. MOORE.

### Opinion delivered November 25, 1907.

1. TRIAL—FAILURE TO ASK FOR SPECIFIC INSTRUCTION.—Appellant can not complain of the trial court's failure to give specific instructions upon a certain phase of the case if he made no request therefor. (Page 403.)

2. SALE OF CHATTELS—NECESSITY OF TENDER OF PURCHASE PRICE.—In an action against a vendor for failure to deliver chattels sold under a contract which stipulated that they should be paid for "as delivered," it was no defense that the vendee did not tender the purchase price in advance of delivery. (Page 404.)

Appeal from Clay Circuit Court; *L. C. Going,* Special Judge; affirmed.

#### STATEMENT BY THE COURT.

Appellee alleged that on or about the 1st of August, 1905, appellant agreed to sell to appellee 40,000 feet of number 2 common pine flooring, 4 inches wide, well seasoned, to be paid for as delivered at $13 per thousand; that the flooring was to be delivered at shed in rear of Barnes' building as needed. Appellee alleged breach of the contract, to his damage in the sum of $280, for which he prayed judgment.

Appellant in answer alleged that there was no definite time fixed in which the lumber should be delivered, and that within a reasonable time after the execution of the contract he offered to deliver the lumber at the contract price, and that appellee refused to accept same. He therefore denied liability. The contract is as follows:

"I hereby agree to sell to J. N. Moore 40,000 ft. No. 2 common pine flooring, four inches wide, well seasoned, to be paid as delivered at $13.00 per M., said flooring to be delivered at shed in rear of W. F. Barnes' building on West Second Street as needed.

[Signed]     "Will Felsberg.

"I hereby accept the above offer.

[Signed]     "J. N. Moore."

Appellee is uncertain when this contract was executed, but appellant fixes the date as the 13th day of July, 1905. On behalf of appellee, the proof tended to show that on the 13th day of July, 1905, he, in conjunction with one Barnes, began the erection of a building with concrete blocks, 88 feet 5 inch by 77 feet, two stories high. Appellee commenced the building with the expectation of completing it as soon as he could, but a number of things combined to delay in its construction, such as a failure to get the concrete and the blocks, the man employed to lay the blocks giving up his contract, and the rainy weather. Appellee expected delays, but did not foresee the things mentioned. He did not know just when he would need the lumber, and when he could get it, and that is the reason the words were put in the contract, "as needed." With reference to the time the lumber should be delivered, appellee said he wanted it as soon as he "needed it." It was shown on behalf of appellee that when appellant came to him and demanded that he take the lumber at once, he replied to appellant that he did not know what he had, and could not take it until he saw it, whereupon appellant said: "Get somebody to go look at it." Appellee then requested one Black, a lumber dealer, to examine the lumber for him, and see if it was No. 2 common pine flooring, and instructed him if the lumber was of the grade he (appellee) had ordered to have it sent around. Black on behalf of appellee testified that at the

request of appellee he went to the side track near the depot where the lumber was to see the lumber, that he met appellant , there and informed him that he was sent there by appellee to look at the lumber, and that appellant replied that I need not mind, that he was going to unload it in his shed.

Appellee proved that the value of lumber of the kind mentioned in the contract at the time he demanded same of appellant, and when appellant refused to deliver it was $20 per thousand feet. This was some time in February or March, 1906.

On behalf of appellant the evidence tended to show that appellee said that he wanted the lumber as soon as he could get it. Appellant ordered the lumber in a few days after the contract was made, on the 26th of July. It came on the 3d and 10th of August. Appellant went to appellee when the first car came and notified appellee. He said, all right; he would see about it. The third time he told appellee if he did not take it by noon the "contract would be off." He also told appellee that he (appellee) would have to pay appellant for the lumber. Appellant denied that Black saw him about the lumber. He said that he told Bradford, his agent in charge of the lumber, that if appellee did not come by noon of a certain day to take the lumber, to hold same for appellant. He said that he told appellee that he would haul the lumber down if appellee would pay him for it. He wanted appellee to pay him for the lumber. Appellee said that he would see about it. Appellant ordered the lumber especially for appellee. It was shown that the value of lumber from August 3 to the 10 was $12.75 per thousand feet.

The court gave the following instructions:

"1. In this case the plaintiff sues the defendant and seeks to recover damages for the alleged breach of a certain contract. Plaintiff contends that he entered into a written contract with the defendant by the terms of which he purchased from the defendant 40,000 feet of No. 2 common pine flooring, four inches wide and well seasoned at $13 per thousand, to be paid for as delivered and to be delivered as needed, and the defendant failed to deliver said lumber in accordance therewith, and that by reason of said failure he has been damaged.

"2. The defendant admits the execution of alleged

contract, and that he failed to deliver said lumber in accordance therewith, but denies that his failure to do so resulted from his negligence or refusal, and says that he offered to deliver said lumber to plaintiff within a reasonable time after the date of said contract, but that plaintiff neglected and refused to receive and pay for the same.

"3. Under the terms of this contract it was contemplated by the parties that the lumber should be delivered within a reasonable time after the date of said contract.

"4. The question of what was a reasonable time in which to deliver said lumber under said contract is a question for you to determine, and in arriving at your conclusion upon this proposition you will take into consideration the question of whether or not the plaintiff told the defendant what use he intended to make of said lumber, the conduct of the parties and the other facts and circumstances connected with the case.

"5. If plaintiff told the defendant that the lumber was to be used in the construction of a certain building, then you will take into consideration what would be a reasonable time to prepare said building for the use of said lumber; and if defendant offered to deliver said lumber before the time which the parties contemplated it should be delivered, such offer does not excuse his failure to subsequently deliver said lumber within a reasonable time.

"6. If you find from the evidence that on August 8, 1905, defendant told plaintiff that unless he accepted and received said lumber before noon of that date he would consider the contract broken, and that said plaintiff did not accept and receive said lumber by the time mentioned, then, if you believe that offer was within a reasonable time after the date of the contract, you will find for the defendant.

"7. But if you find from the evidence that the defendant on August 8, 1905, demanded of the plaintiff payment for the lumber before delivery, and that, upon plaintiff's refusal to comply, he repudiated said contract, you will find for the plaintiff.

"8. If you find from the evidence that the defendant offered to deliver the lumber to the plaintiff within a reasonable

time after the contract was made, and plaintiff refused to receive same, you will find for the defendant.

"9. If you find for the plaintiff, the measure of his damages will be the difference between the contract price and the market value of said lumber at the time it should have been delivered under the contract.

"10. You are instructed that if on or about August 8, 1905, and after he had notified plaintiff that he must accept the lumber before noon, the defendant notified plaintiff that the lumber was on the car at the station, and to come or send a man to inspect it, and plaintiff at once sent a man to inspect the lumber, and this man was not permitted by defendant to inspect the lumber, then you will find for the plaintiff."

There was a verdict for appellee for $140. Judgment was entered accordingly. Motion for new trial, reserving the exceptions saved, was overruled, and this appeal taken.

*J. L. Taylor* and *D. Hopson,* for appellant.

1. This is an executory contract, and, if delivery of the lumber had been refused, no recovery could be had, unless plaintiff had tendered the purchase price. 6 Am. & Eng. Enc. of L. (2 Ed.), 467. Such tender is a condition precedent to maintaining an action for breach of the contract. Pomeroy on Cont., § 360; Benjamin, Sales, § 562; Tiedeman, Sales, § § 93, 207. See also 1 Beach, Mod. Law Cont., § § 413, 414.

2. The 3d and 10th instructions were erroneous. The buyer cannot demand delivery of the goods without signifying his willingness to accept, and readiness to pay the price. Benjamin, Sales, § 677.

*G. B. Oliver,* for appellee.

WOOD, J., (after stating the facts.) Appellant contends that there is no evidence of a willingness on the part of appellee to comply with his contract, shown by a tender of the amount of the purchase money due under the contract, or by an offer to pay same when the lumber was offered for delivery, or when it should have been delivered.

Appellant did not request specific instructions covering this phase of the case, which he presents here for the first time. He

it not therefore entitled to a reversal on that ground, even if the proof had warranted the giving of such requests. *St. Louis, I. M. & S. Ry. Co.* v. *Barnett,* 65 Ark. 255; *State Mutual Ins. Co.* v. *Latourette,* 71 Ark. 242; *Newton* v. *Russian,* 74 Ark. 88; *Schenck* v. *Griffith,* 74 Ark. 557; *Williams* v. *Bennett,* 75 Ark. 312.

But, under the plain terms of the contract, appellant could not justify a failure to deliver the lumber on the ground that appellee had not tendered or offered in advance to pay the purchase price. The lumber was to be paid for "as delivered." The most that can be said of this language is that it contemplated that the delivery and payment should be concurrent acts, not that payment should precede delivery. But the uncontroverted proof is that there was no delivery in this case, and hence no tender of payment was called for. Under the most favorable view of the evidence for appellant, he was only ready, and offered to deliver, but was prevented from doing so by appellee's refusing to accept. On the other hand, the proof on behalf of appellee warranted a finding to the effect that appellant refused to allow appellee to inspect the lumber when it was offered, and, therefore prevented, by his own conduct, the acceptance of the lumber by appellee. Under these circumstances, we do not see that the question of a tender or offer to pay the purchase money was an issue in the case.

We find no error in instructions seven and ten. Indeed, the charge of the court as a whole was a full and fair presentation of the law applicable to the issues. There was ample evidence to sustain the verdict. The judgment is correct, and is affirmed.