VAN HOOK v. McNEIL MONUMENT COMPANY.

Opinion delivered March 10, 1913.

1. COUNTY COURT—ALLOWANCE OF CLAIM.—The allowance by the county court of a claim out of the appropriation for "public buildings and grounds," for the erection of a monument and drinking

fountain to be erected in the county court yard, does not violate any provision of the Constitution. (Page 295.)

2. STATUTES—VALIDATING ACT—EFFECT ON PENDING LITIGATION.—When a county court allowed a claim of appellee based upon the performance of a contract, without the filing by appellee of the statutory affidavit verifying the claim, the Legislature may pass an act which will validate the order of the county court. (Page 297.)

3. STATUTES—VALIDATING ACT—CONSTITUTIONALITY.—An Act of the General Assembly validating an act of the county court in dispensing with a statutory requirement in the letting of a contract and the allowance of a claim based upon the performance of the contract, does not violate the provisions of Sec. 24, Art. V of the Constitution, which provides: "In all cases when a general law can be made applicable, no special law shall be enacted; nor shall the operation of any general law be suspended by the Legislature for the benefit of any particular individual, corporation or association." (Page 297.)

4. APPEAL—VALIDATING ACT—COSTS.—Where the appellee secures an affirmance of a judgment appealed from, by virtue of an Act of the Legislature validating the action of the county court, passed during the pendency of the appeal, the costs of the appeal will be adjudged against the appellee. (Page 297.)

Appeal from Union Circuit Court; *George W. Hays,* Judge; affirmed.

*Patterson & Green* and *J. Y. Stevens,* for appellant.

1. The county court was without authority to make the allowance without an appropriation. There was no contract or purchase by, or consideration to, the county. 66 Ark. 82; Kirby's Dig., §§ 1494, 1500, 1503; 61 Ark. 74; 85 *Id.* 611.

2. The contract should have been let to the lowest bidder. 54 Ark. 645.

3. No claim or demand, verified as required by law, was ever filed in the county court. Kirby's Dig., §§ 1453, 3517, 114; 66 Ark. 327; 69 *Id.* 62; 97 *Id.* 296; 32 Ark. L. Rep. 336.

4. The allowance was not within the discretion of the county court. 47 Ark. 239; 49 *Id.* 145; 56 *Id.* 443; 11 Cyc. 772, 594.

*Gaughan & Sifford,* for appellee.

1. The allowance was properly made out of the ap-

propriation for public grounds and buildings.   Kirby's
Dig. §§ 1375, 1499; 54 Miss. 666.

2.   Want of verification of a claim is not jurisdictional.   84 Ark. 329.

3.   The Legislature has validated the allowance by
Act 4.

McCulloch, C. J.   An association of ladies at El
Dorado, Union County, Arkansas, inaugurated a movement to erect at that place a monument to the soldiers of
the Confederacy, and a verbal agreement was entered
into between that association and the county judge of
Union County, acting for the county, whereby a monument, in the form of a drinking fountain, should be
erected on the courthouse grounds at a cost of $3,500,
and the county would pay half of said cost in consideration of the fact that the exclusive control of it should be
relinquished to the county.

The ladies entered into a contract with the appellee,
McNeil Monument Company, for the construction and
erection of the monument, and the work was done in accordance with said contract.   The ladies association then
presented a written request to the county court to issue
a warrant to appellee for $1,700, but the court declined
to issue a warrant for that amount, giving as its reason
therefor the fact that the monument cost only $2,700;
but the court allowed the claim in the sum of $1,000 and
directed the issuance of a warrant to appellee for that
amount.   Appellee did not present any claim to the
county court, but the court treated the petition of the
ladies as a claim and made the allowance to appellee accordingly.   Appellant, Van Hook, who was a citizen and
taxpayer of the county, within the time prescribed by
statute, filed his prayer and affidavit for appeal and prosecuted an appeal to the circuit court.   The circuit court
held that the appeal was improperly taken and dismissed
it; but this court reversed the judgment of the circuit
court and remanded the cause for trial.   101 Ark. 246.

On remand the appellee was permitted to file in the
circuit court an affidavit, in conformity with the statute,

verifying the claim against the county. The case was tried before the court, and the court made a finding in favor of appellee and rendered judgment accordingly, from which judgment an appeal has again been prosecuted.

Appellant urged below, and contends here, that the allowance of the claim was improper for several reasons.

One of the grounds given is that there was no appropriation. The county court allowed the claim out of the appropriation made for "public buildings and grounds," and it does not appear in the record here that no appropriation had been made for those purposes. Whether or not the erection of the monument and drinking fountain on the public grounds of the county in order to beautify and adorn them, came within the appropriation made by the levying court, we need not decide, but if there was in fact an appropriation the Legislature had the power to classify the appropriation.

The allowance of the claim was not violative of any provision of our Constitution; but two other grounds of objection to the allowance are, that the alleged contract upon which the liability of the county rests was not let at public outcry, and that the affidavit required by the statute verifying claims against the county was not filed.

It has been held by this court that the failure to properly verify a claim is not jurisdictional. *Saline County* v. *Kinkead*, 84 Ark. 329.

Whether the circuit court could properly permit the filing of an affidavit where none at all had been filed in the county court, is a question we need not decide.

Since the appeal was taken to this court and the transcript lodged here the General Assembly, now in session, has enacted a special statute reciting the facts upon which this allowance was made and providing "that the action of the county court of said County of Union, in allowing and issuing warrants aggregating the sum of $1,000 for part payment of the fountain erected on the courthouse yard in such county, be and the same hereby is in all things validated." Therefore, the ques-

tion arises as to the validity of that statute, and learned counsel for appellant earnestly contend that it is not valid.

We have approved the rule stated by Judge Cooley in his work on Constitutional Limitations (7 ed.) p. 431, as follows:

"If the thing wanting or which failed to be done, and which constitutes the defect in the proceedings, is something the necessity for which the Legislature might have dispensed with by prior statute, then it is not beyond the power of the Legislature to dispense with it by subsequent statute. And if the irregularity consists in doing some act, or in the mode or manner of doing some act, which the Legislature might have made immaterial by prior law, it is equally competent to make the same immaterial by a subsequent law." *Green* v. *Abraham,* 43 Ark. 420; *Sidway* v. *Lawson,* 58 Ark. 117; *Sudberrry* v. *Graves,* 83 Ark. 344; *Pelt* v. *Payne,* 90 Ark. 600.

Numerous authorities bearing upon this question are collated in a note to Cooley on Constitutional Limitations on the page cited above.

The Supreme Court of the United States has repeatedly held that such statutes are valid. In the case of *Utter* v. *Franklin,* 172 U. S. 416, that court upheld an Act of Congress validating bonds which were theretofore invalid on account of having been issued not in compliance with authority of law. The other decisions of that court are cited in the opinion.

The Supreme Court of Connecticut in a case decided many years ago said this:

"When a statute is expressly retroactive, and the object and effect of it is to correct an innocent mistake, remedy a mischief, execute the intention of parties, or promote justice, then both as a matter of right and of public policy affecting the happiness and welfare of the community, the law should be sustained." *Savings Bank* v. *Allen,* 28 Conn. 97.

Testing the question by the principles announced above, we are of the opinion that it was within the power

of the Legislature to pass the statute, and it rendered the allowance valid.

It is also urged that the enactment is violative of Section 24, Article V, of the Constitution, which provides that:

"In all cases where a general law can be made applicable no special law shall be enacted; nor shall the operation of any general law be suspended by the Legislature for the benefit of any particular individual, corporation or association."

It has been repeatedly held by this court that the first clause of the above quoted section is merely cautionary to the Legislature and that it is exclusively within the province of that body to determine when a general law is applicable. *Hendricks* v. *Block,* 80 Ark. 333, and cases cited.

The statute does not violate the provisions of the second clause of that section, for it is not a suspension of a general law in favor of an individual, corporation or association, and it merely operates as a ratification of the act of the county court in dispensing with statutory requirements in the letting of contracts and the allowance of claims based upon the performance of the contract.

We are, therefore, of the opinion that, in order to give proper force to this legislative enactment, it is our duty to affirm the judgment insofar as it allows the claim against the county. The fact that the statute was enacted during the pendency of the appeal does not prevent us from observing its force upon our decision of the case. But inasmuch as the statute was passed since the appeal in this case was taken and the transcript lodged here, the costs of appeal should be adjudged against the appellee, and not against the appellant. *Sudberry* v. *Graves, supra.* It is true that the case just cited was an appeal from the chancery court and as to appeals of that kind this court may exercise discretion in the matter of awarding costs. But our decision in that case awarding costs against the appellee, notwithstanding the affirmance of

the decree, was not based upon an exercise of our discretion but upon the broad principle of law that, where a decree as originally rendered was erroneous and the appellant was within his rights in prosecuting an appeal, the subsequent passage of a statute calling for an affirmance would not impose the burden of the costs upon him. Any other view would render the statute invalid, because it would be placing upon appellant the burden of costs already accrued, and to that extent the statute could not be made retroactive. The judgment of the circuit court will, therefore, be affirmed, and the costs of this appeal awarded against appellee.