## LAMB & RHODES *v.* HOWTON.

### Opinion delivered November 12, 1917.

1. COUNTY COURTS—JURISDICTION—ALLOWING CLAIMS AND DISBURSING MONEY.—In the matter of allowing claims and disbursing money for county purposes, the county court has exclusive original jurisdiction.

2. COUNTY COURTS—ALLOWANCE OF CLAIMS AGAINST COUNTY.—Kirby's Digest, § 1453, forbidding any county court to allow any claim against the county that is not verified as provided in that section, does not take away the jurisdiction of county courts, under the Constitution, over claims against the county; and the statute does not prohibit the court from adjudicating the validity of the claim.

3. COUNTY COURTS—JURISDICTION.—The statute requiring a verification of a claim presented against a county, is not jurisdictional.

4. CERTIORARI—ALLOWABLE WHEN.—A writ of *certiorari* can not be used in any case where there is or has been a right of appeal, unless the opportunity for appealing has been lost without fault of the petitioner.

5. CERTIORARI—ATTORNEYS' FEES—SERVICES TO COUNTY.—A writ of *certiorari* will not lie to set aside the judgment of the county court, based upon a claim for fees for services rendered the county by a firm of attorneys, the claim showing on its face that it was not verified, and the record not showing on its face any authority to represent the county in litigation.

Appeal from Mississippi Circuit Court, Osceola District; *W. J. Driver,* Judge; reversed.

*J. N. Thomason,* for appellants.

1. The county judge has authority to defend cases appealed to the circuit or Supreme courts. Kirby's Digest, § 1493; 60 Ark. 516, 519. Special counsel may be employed.

2. Failure to verify claims is not jurisdictional and it can be amended in circuit court. 84 Ark. 329; 107 *Id.* 292.

3. Before *certiorari* can be invoked there must be not only want. of authority but want of discretion. 37 Ark. 532; 66 *Id.* 139. Mere errors must be corrected by appeal. *Certiorari* only lies where the judgment is void. 66 Ark. 139.

4. Plaintiffs had no right to bring suit. 37 Ark. 532. They had a right to appeal and *certiorari* will not lie. 37 Ark. 318; 87 *Id.* 519; 70 *Id.* 71. *Certiorari* is not a matter of right, but within the sound discretion of the court. 28 Ark. 87; 43 *Id.* 243; 44 *Id.* 509; 89 *Id.* 604.

5. The county is bound by the contract with the attorneys as the county judge had authority to contract. 122 Ark. 161; *Ib.* 114.

*S. L. Gladish* and *J. T. Coston,* for appellees.

1. *Certiorari* was the proper remedy. 66 Ark. 141; 37 *Id.* 541; Van Fleet on Collateral Attack, § 2; 52 Ark. 219, 220.

2. As to the fee in the Chicago Title etc. case, we make no question. As to the others the county judge was not authorized nor justified in employing special counsel. 179 S. W. 179, 180.

3. The account was not verified. Kirby's Digest, § 3147; 164 Pac. 727. The court had no jurisdiction and was forbidden by statute to allow the claim. Kirby's Digest, § 1453; 10 Kan. 88; 11 N. W. 32; 17 *Id.* 130; 20 Cal. 681; 11 N. W. 41; 105 S. W. 582. The defeat could not be remedied by verification on the day of trial.

WOOD, J. The question presented by this appeal is whether or not the writ of *certiorari* will lie to set aside the judgment of the county court, based upon a claim for fees for services rendered the county by a firm of attor-

neys, which claim shows upon its face that it was not verified, and where the authority of these attorneys to represent the county in litigation, if any existed, is not shown on the face of the rcord.

In *Burgett* v. *Apperson,* 52 Ark. 213, 220, Judge Cockrill, speaking for the court concerning the writ of *certiorari,* said: "The writ is granted in two classes of cases: First, where it is shown that the inferior tribunal has exceeded its jurisdiction; and, second, where it appears that it has proceeded illegally and no appeal will lie, or that the right has been unavoidably lost." See, also, *Ex parte Goldsmith,* 87 Ark. 519. The case at bar does not come within either of these classes.

(1) In the matter of allowing claims and disbursing money for county purposes the county court has exclusive original jurisdiction. Const. of Ark., Art. 7, sec. 28; *Saline County* v. *Kinkead,* 84 Ark. 329, 331.

(2) The jurisdiction of county courts therefore over the subject-matter of allowing claims against the county is derived from the Constitution, and although section 1453 of Kirby's Digest forbids any county court to allow any claim that is not verified as required by that section and while the allowance of any claim not so verified would be unauthorized and an error for which the judgment of such court could be set aside or reversed on appeal, yet the above statute does not take away or effect the jurisdiction, that is, the constitutional power vested exclusively in the county court over the subject-matter of allowing or refusing to allow claims presented against the county.

"Jurisdiction is the power to hear and determine the subject-matter in controversy between the parties to the suit; to adjudicate or exercise any judicial power over them. *Rhode Island* v. *Massachusetts,* 12 Peters 657, 717, and other cases collated in Black's Law Dictionary, p. 673, under the word "jurisdiction." Words & Phrases.

(3) The fact that a claim, when presented to the county court for allowance is not verified in the manner required by the above statute does not take away from

the county court the jurisdiction to adjudicate the question as to whether or not such a claim should be allowed. The statute, section 1453, *supra,* prescribed a method of procedure which the court must pursue in exercising its constitutional jurisdiction, but that is another and entirely different matter from jurisdiction to adjudicate upon the subject-matter of the allowance of claims and disbursements of money by the county court.

The principles announced in *Saline County* v. *Kinkead,* 84 Ark. 329, and *Van Hook* v. *McNeil Monument Co.,* 107 Ark. 292, settle the proposition that the statute requiring a verification of a claim presented against the county is not jurisdictional. In the first case the court had under review a special statute requiring certain officers to verify their fee-bills, and if found correct it was made the duty of the county court to audit and allow same. The court, in that case, held that section 1453 of the digest was not applicable. The court said of the special act: "It directs that the fee-bill shall be sworn to, but the neglect of the claimant to thus verify it does not oust the county court of its jurisdiction." While there was a special act, and the language was somewhat different from the language of the general act, nevertheless what was said there is applicable to the act now under consideration, as was decided in *Van Hook* v. *McNeil Monument Co., supra.* In the latter case the claim was one that came within the terms of the general statute as to verification, and the court said: "It has been held by this court that the failure to properly verify a claim is not jurisdictional." Citing *Saline County* v. *Kinkead, supra.*

The judgment of the county court does not come within the second class mentioned in *Burgett* v. *Apperson, supra,* for the reason that it was neither alleged nor proved that an appeal by the appellees would not lie from such judgment of the county court under section 1487 of Kirby's Digest, providing for appeals from such judgments; nor does it anywhere appear in this record that an appeal by appellees was unavoidably lost.

(4) This court has often ruled that a writ of *certiorari* should not be used in any case where there is or has been a right of appeal unless the opportunity for appealing has been lost without fault of petitioner. *A fortiorari*, in one of the latest cases upon the subject, we said: "Unless the judgment sought to be canceled is void on its face, or the right of appeal has been lost without fault on the part of the defendant, the writ of *certiorari* can not be invoked. The writ of *certiorari* can not be used as a substitute remedy for appeal." *Kenyon, Ex'r.* v. *Gregory,* 127 Ark. 525, and cases there cited. See also other cases collated in Crawford's Digest, Vol. 1, p. 903-905.

(5) The judgment of the county court allowing attorneys' fees was certainly not void on its face. As to whether or not the county court proceeded to allow the fees contrary to the statute, and whether its judgment was erroneous because the claim for such fees was not verified as required by the statute, and because there was no order or contract made between the county court and the attorneys, as set up in the petition, were matters which could and should have been corrected by appeal. But, as we have stated, these were subject-matters within the jurisdiction of the county court.

For aught that appears to the contrary on the face of the judgment record of the county court allowing this claim for fees, the court may have found that the fees were earned in cases under a contract of employment with the county court and in cases deemed by it of sufficient importance to justify the employment of additional counsel to assist the prosecuting attorney. In recent cases we have held that the county court has power to employ additional counsel when in his judgment the interests of the county are of sufficient importance to demand it. *Sumpter* v. *Buchanan,* 128 Ark. 498; *Oglesby* v. *Fort Smith District of Sebastian County,* 119 Ark. 567, 572; *Leathem* v. *Jackson County,* 122 Ark. 114; *Spence & Dudley* v. *Clay County,* 122 Ark. 157, 161. That proof could have been made showing the employment of coun-

sel by the county court, under circumstances that justified such employment, and that the counsel so employed rendered the services for which they presented their claim is enough to render void the writ of *certiorari* issued herein. See *State, Use Izard County* v. *Hinkle,* 37 Ark. 532; *St. Francis County* v. *Roleson,* 66 Ark. 139.

It follows from what we have said that *certiorari* will not lie to quash the judgment of the county court, and that the court erred in issuing the writ and in granting appellees the relief prayed for in their petition. The judgment is therefore reversed and the writ of *certiorari* is quashed, and the cause is dismissed.