ECHOLS & HELTON *v.* LINCOLN COUNTY.

Opinion delivered June 12, 1922.

1. COUNTIES—RIGHT OF TAXPAYER TO APPEAL FROM ALLOWANCE.—Under the Constitution and statutes, a taxpayer of a county may appeal from an order of allowance against the county, whether he has previously been made a party to the proceedings or not.

2. HIGHWAYS—PROMISE OF COUNTY JUDGE TO MAKE ALLOWANCE.—Where contractors for construction of a road being built by a road improvement district were orally promised by the county judge, on their threatening to abandon the contract, that if they would perform it he would allow them all he could out of the county funds, such promise was indefinite and gratuitous and not binding on the county.

Appeal from Lincoln Circuit Court; *W. B. Sorrels,* Judge; affirmed.

*Harry T. Wooldridge,* for appellant.

The county courts have exclusive original jurisdiction in all matters relating to county taxes, roads, bridges, ferries, etc. Art. 7, sec. 28, Const.

The act of the county court in ordering the warrant issued for the amount of plaintiff's claims amounted to a ratification of the unauthorized act of the county judge. 72 Ark. 330; 117 Ark. 334; 122 Ark. 114; 122 Ark. 557; 103 Ark. 468; 127 Ark. 470.

The Constitution confers upon county courts exclusive original jurisdiction in the matter of allowing claims and disbursing money for county purposes. Art. 7, sec. 28, Const.; 84 Ark. 329; 131 Ark. 211.

*Arthur J. Johnson* and *Henry W. Smith,* for appellee.

The county court had no jurisdiction or authority to allow the claims. The Legislature has provided the ways and means for building roads by these districts. C. & M. Digest, sec. 5412.

The county court had no authority to enter into such a contract without an appropriation having first been made therefor. C. & M. Digest, sec. 1976; 136 Ark. 209; 139 Ark. 502; 120 Ark. 476.

The levying court had no authority to appropriate money to help an individual. C. & M. Digest, sec. 1982 sixth.

McCULLOCH, C. J. This is an appeal from a judgment on a claim of appellants against Lincoln County. The claim was presented to the country court and was allowed, but an appeal was prosecuted by A. J. Johnson, a citizen and taxpayer, and on the trial in the circuit court a judgment was rendered disallowing the claim.

Appellants were awarded a contract for the construction of a certain road in Lincoln County by a road improvement district created for that purpose. There was a written contract between appellants and the road district, specifying the price for the work, and a bond was given by appellants to the district and signed by certain citizens of that county as sureties. After the execution of the contract, and before the completion of the work, appellants threatened to abandon the contract, whereupon the county judge entered into an oral agreement with them to the effect that if they would go ahead and complete the construction of the improvement in accordance with their contract with the road district, the county would pay towards the cost of construction "whatever sum it might be able to pay."

Appellants completed the construction of the road in accordance with their contract with the district, and then presented to the county court, for allowance, their claim against the county in the sum of $7,008.38, and asked that that sum be paid to them by the county in excess of the contract price paid by the road district. The county allowed the claim, but, as before stated, A. J. Johnson, a citizen and taxpayer, appealed to the circuit court.

Under the Constitution and statutes of this State a taxpayer of a county may appeal from an order of allowance against the county, whether he has previously made himself a party to the proceedings or not. *Van Hook v. McNeil Monument Co.*, 107 Ark. 292.

In the trial of the case below, the facts were undisputed, and the county judge testified that he made an oral agreement with appellants that if they would perform their contract for the completion of the improvement he "would allow them all he could in the way of building culverts and bridges." The judge stated that his reason for making this promise was that he knew that the contractors could not complete the road for the amount of their bid, and he concluded that, inasmuch as citizens of the county were sureties on the bond, it would be expedient and in the interest of harmony to pay the contractors all that he could out of the county funds.

There were no elements of a valid contract in the oral agreement between appellants and the county judge. It was too indefinite to constitute a contract, because the only undertaking on the part of the judge was to "pay what he could," or pay "whatever sum the county might be able to pay." There was at that time no contractual relations between the county and appellants; on the contrary, appellants were under contract with the road district to construct the improvement for a stipulated price. The promise of the county judge was merely gratuitous. The first act of the county court which could operate with any binding force was the subsequent allowance of appellants' claim, and this is the judgment from which the citizen has prosecuted an appeal, which he had a right to do.

The appeal brings up the question whether or not there was a valid claim against the county, and it is not difficult to reach the conclusion that there was no valid claim, for the county was not liable for the payment of any of the cost of the improvement. Of course, the county court has absolute control over the distribution of the road fund in the repair and maintenance of public roads, but that is not what is involved in the present controversy, for, as before stated, the appellants were under

contract with the road district to construct the improvement, and the allowance from the county was a mere gratuity.

The circuit court was correct in refusing to allow the claim, and the judgment is therefore affirmed.