POINSETT COUNTY *v.* LADY AND POINSETT COUNTY *v.* WALKER.

4-5736 and 4-5737 (consolidated)    135 S. W. 2d 665

Opinion delivered January 15, 1940.

*Maddox & Greer* and *Edward S. Maddox,* for appellant.

*M. P. Watkins,* for appellee.

McHANEY, J.   These are separate appeals, but since they are almost identical questions of fact and identical questions of law, they will be disposed of in one opinion. The facts are stipulated in each case and are substantially as follows:

Appellee Lady was the circuit clerk and appellee Walker was an active deputy sheriff of Poinsett county during the years 1937 and 1938.   They each rendered certain services for Poinsett county in named felony cases then pending in the circuit court of said county (criminal division) for which he is entitled to compensation, as set out in the stipulation, in a total amount,—to Lady, $79.90; to Walker, $143.40.   In addition, Walker

rendered services in serving and executing warrants and other processes issued out of a justice of the peace court of said county in criminal cases in which the defendants were charged with felony, in 1938, in the sum of $55.40. All of the cases in which costs accrued for services rendered by each appellee were disposed of by the criminal division of said circuit court, at its March, 1939, term, either by dismissal, acquittal, or conviction. In April, 1939, executions were issued against each of the defendants in the cases listed in the stipulation in which costs accrued to each appellee, for the collection of said costs, and delivered to the sheriff who returned same "no goods found." It was the policy or practice of the county judge in 1937 and 1938 to pay no costs in felony cases in the circuit court until such cases were finally disposed of. On March 15, 1939, the then circuit clerk of said county certified the fees due each appellee, as above stated, as a part of the court costs in said cases to the county court. It was also agreed that the 1937 and 1938 revenue of said county has been completely exhausted, and that the county court disallowed the claims because there was no revenue from 1937 and 1938 with which to pay same; that same cannot be paid except out of the 1939 revenue, and "that the anticipated revenue for 1939 is sufficient up to the present time to pay said claims."

From the order of disallowance, appeals were prosecuted to the circuit court, where the claims were allowed and judgment entered against the county for each of said sums, and it was directed that payment be made out of the 1939 county general revenue. The county has appealed.

We think the circuit court was correct in so holding. No affidavit to these claims was required as in the ordinary contractual claims against the county. The exception or proviso to § 2583 of Pope's Digest reads: ". . . Provided, the affidavit herein provided for shall not be required to any juror or witness certificates, or any claim which is a matter of record, or claims in

the circuit court, when the same shall be duly certified down to the county court by the clerk of the circuit court." See, also, Saline County v. Kinkhead, 84 Ark. 399, 105 S. W. 581.

Section 4119 of Pope's Digest provides that the county shall pay the costs in all criminal or penal cases, pending in the circuit courts under indictments, if the defendant is acquitted or nolle prosequi entered, and in felony cases if the defendant is convicted and has no property to pay the costs. Section 4120 provides that "The county shall not be liable for costs when the defendant is convicted, until execution shall have been issued against the property of such convict, and returned unsatisfied for the want of property to satisfy the same, unless the court in which the trial was had shall certify that, in the opinion of such court, the costs can not be made out of the property of the defendant."

Now, it appears from the agreed statement the services of appellees were rendered in 1937 and 1938. While this is true, it was not and could not be determined at that time upon whom the liability for costs would fall, whether on the defendants or the county. All the cases in which these costs accrued were felony cases and all were disposed of at the March, 1939, term of circuit court either by nolle prosequi, acquittal or conviction.

By § 4119 of Pope's Digest, the county is absolutely liable for costs in all "criminal or penal cases," pending under indictments where either the defendant is acquitted or a nolle prosequi entered, and where the defendant is convicted in a felony case and has no property the county is liable, under the conditions stated in § 4120 of Pope's Digest. So, it necessarily follows that a right of action on appellees' claims for costs did not accrue until the cases in which the costs were incurred were disposed of, and not then until § 4123 of Pope's Digest has been complied with which provides: "In all cases where the county shall be liable to pay the costs and

expenses in criminal cases, the circuit court in which the case was tried shall adjust the same and cause the same to be certified to the county court." As to the fees of appellee Walker which accrued in the justice court, the procedure for collecting fees in felony cases is provided by § 5692 of Pope's Digest, and it is not suggested that this procedure was not followed. Both claims were disallowed because the revenue for 1937 and 1938 had been exhausted. Since these claims accrued in 1939, the county court was in error in disallowing them, and the circuit court correctly allowed them out of 1939 revenue, and they may still be paid out of such revenue at this time if the county had a sufficient surplus at the close of 1939.

Affirmed.