SPENCE & DUDLEY *v.* CLAY COUNTY.

Opinion delivered January 31, 1916.

1. REVENUE—ATTORNEY'S FEES—ACTION BY COUNTY TO TEST VALIDITY OF AN ACT.—Kirby's Digest, § 7182, has no application to the right of an attorney employed by a county to represent the county in a suit to test the validity of an act of the Legislature detaching certain land from one county and attaching it to another.

2. COUNTIES—ACTION COVERING LAND IN SAME JUDICIAL DISTRICT—AUTHORITY TO EMPLOY COUNSEL.—By legislative enactment certain land was detached from Greene County and added to Clay County. *Held,* since both counties were in the same judicial district, that the prosecuting attorney could not represent one of them in *quo warranto* proceedings, brought by the Attorney General, to test the right of Clay County to collect taxes on the land in question, and that, therefore, the county court of Clay County was authorized to employ other counsel to represent the county.

3. COUNTY COURTS—EMPLOYMENT OF COUNSEL—FEES.—The county court may employ counsel to represent it in matters affecting land added to the county by legislative enactment, and may pay a reasonable fee for the service; what is a reasonable fee must be determined from all the facts surrounding the case.

Appeal from Clay Circuit Court, Eastern District; *J. F. Gautney,* Judge; reversed.

*Spence & Dudley* and *G. B. Oliver,* the appellants, *pro sese.*

1. The findings of the court are not supported by the evidence.

2. It was error to hold that any additional claim for services in the *quo warranto* proceeding was barred by the allowance of $600 at the April term, 1911. The clerk simply made a misprision in writing the judgment.

3. The court erred in holding that the county court had no authority to employ counsel to defend the suit. Kirby's Digest, § 6393; 50 Ark. 566. The suit was not against the *county,* but against all the officers of the county and does not come within letter or spirit of the above section or decision.

The county has power to employ counsel to defend suits in which the county is interested, in the absence of a statute requiring some official to represent it. 11 Cyc.

471 (c); 7 Am. & Eng. Enc. Law 929 (3). 50 Ark. 566 rather favors appellants than appellee. The prosecuting attorney is not required to defend civil suits for the county. Kirby's Digest, § § 6393, 7182. $2,000 was a reasonable fee. See also 119 Ark. 567.

*W. O. Irby,* County Judge and *L. Hunter,* for appellee.

1. Appellants are barred by the former allowance.

2. There was no misprision of the clerk as shown by the record. The finding of facts is fully sustained by the evidence. 119 Ark. 567.

3. The law was properly declared by the court. Kirby's Digest, § 6393; 32 Ark. 676; 50 *Id.* 566; 119 Ark. 567; 11 Cyc. 471 (c). The statutes requires the prosecuting attorney to represent the county in such cases. Kirby's Digest, § § 6392-3. Appellants knew the limitations upon the county judge to bind the county. 44 Ark. 437; 61 *Id.* 74. The case of 119 Ark. 567 does not apply as the facts are entirely different.

HART, J. At the October, 1914, term of the county court of Clay County, Arkansas, appellants presented for allowance a claim for legal services performed for the county. The claim was duly authenticated and the amount claimed to be due was $1400. The county court refused to allow the claim and an appeal was taken to the circuit court. The material facts adduced in evidence in the record are as follows:

The Legislature of 1895 passed an act* detaching Blue Cane township from Greene County and attaching the same to Clay County. In June, 1909, the Attorney General filed in the Supreme Court *quo warranto* proceedings to test the right of the officers of Clay County to exercise jurisdiction over the territory which had been added to that county by act of the Legislature of 1895. All of the county officers were made parties defendant to the action. The county judge of Clay County employed G. B. Oliver and Spence & Dudley to represent the county

*Act 157, p. 244, Acts of 1895. Rep.

in the action.  The attorneys accepted the employment and filed briefs and made an oral argument in the case. The court held that it had no jurisdiction and the application for the writ was denied.  See *State of Arkansas v. Clay County,* 93 Ark. 228.

The opinion was delivered January 17, 1910.  Immediately after that case was dismissed Huddleston & Taylor filed actions in the chancery courts of Greene and Clay counties to enjoin the officers of Clay County from levying and collecting taxes in the disputed territory. The case was finally disposed of in favor of Clay County in November, 1914.

At the April, 1911, term of the county court of Clay County appellants presented their claim against Clay County in the sum of $1000 for attorneys fees in the *quo warranto* case.  The record shows that the court examined and allowed the claim in the sum of $600.  This allowance was made after the suits in the chancery courts of Clay and Greene counties had been commenced. Appellants and the county judge who employed them testified that there was but one employment and that this was made by the county judge and that the same county judge was in office when the county court made the allowance of $600 at the April term in 1911.  Appellants testified that the county judge employed them to represent Clay County in any litigation that might arise in regard to the jurisdiction of the county over Blue Cane township.  One of them testified that when they presented their claim in 1911 the county judge asked them how it would suit them for the allowance of only $600 to be made then, as the litigation had not ended, and that they agreed to accept that amount in part payment of their fee.

They also testified that the county judge told them to go ahead and represent the county in the litigation in the chancery courts.

Appellants also introduced evidence tending to show that $2000 was a reasonable fee for the legal services performed by them in the whole matter.

The county judge testified that he told Oliver in the beginning that he thought $1000 would be a reasonable fee in the whole matter, that the county was not able to pay fees like an individual, and stated that Oliver said he could not tell at that time how much the services would be worth and that that matter could be settled after the litigation was ended.

The circuit court found that the present claim of appellants is founded upon the services rendered by them in the injunction proceeding against the collector and assessor of Clay County and the claim of appellants having been presented against the county and not against the collector and assessor of the county, the county judge had no authority as such to employ appellants to represent the collector and assessor, and that appellants had no valid claim against the county for the services performed by them in the injunction suit. The circuit court, therefore, adjudged that appellants take nothing by reason of their suit and that Clay County recover from them all its costs.

The case is here on appeal.

Section 7182 of Kirby's Digest provides in effect that whenever an action may be brought against the county assessor, collector of taxes or clerk of the county court for performing any duty authorized by any of the provisions of the revenue act or the laws of the State for the collection of public revenues, such officer shall be allowed and paid out of the county treasury reasonable fees of counsel and other expenses for defending such action.

(1) We do not think this section of the statute has any application or bearing upon the present suit. This section is directed specifically to suits affecting the collection of the public revenue. It is true the public revenue was indirectly affected in the present action but this was merely an incident to the suit. The object and purpose of the suit was to test the validity of the act of the Legislature which detached Blue Cane township from Greene County and attached the same to Clay County.

In the recent case of *Leathem* v. *Jackson County,* 122 Ark. 114, we held that under the general powers granted to the county court under our Constitution and laws, such court became the representative of the county and was empowered to make contracts in behalf of the county in all cases where the local concerns of the county are involved. In that case we also held that where the county court is empowered to do an act purely administrative in its character, such as to make a contract, it may also ratify such act when done by the county judge in vacation and thereby bind the county as effectually as if the contract was made by the county court in the first instance.

(2) Section 6393 of Kirby's Digest provides that the prosecuting attorney shall defend all suits brought against the State or any county in his circuit. Notwithstanding this section of the statute, we held in the case of *Oglesby* v. *Fort Smith District of Sebastian County,* 119 Ark. 567, 179 S. W. 178, that the county court, under our Constitution and laws, was empowered to employ other counsel when in its judgment the interests of the county were of sufficient importance to demand it, or in cases where the prosecuting attorney neglects or refuses to perform the duties imposed upon him by the statute or where his other duties are of such a character that he does not have time to properly represent the county.

The present case is manifestly one where the prosecuting attorney could not represent the county and where the county court would be empowered to employ other counsel to represent the county and protect its interests. Greene and Clay counties are in the same judicial district and have the same prosecuting attorney; obviously the prosecuting attorney could not represent both counties and would not be required to make a choice of which county he would represent. Therefore the county court was authorized to employ other counsel to represent the county.

Many decisions from other States to the same effect are cited in 11 Cyc. 471.

In the case before us the undisputed evidence shows that the county judge employed appellants to represent Clay County in the litigation relating to the jurisdiction over Blue Cane township and appellants testify that the county judge employed them to represent the county in all the litigation which might arise, and agreed to pay them a reasonable fee therefor.

The evidence also shows that after the *quo warranto* proceeding had been decided, other suits were filed which had for their purpose to test the validity of the act of the Legislature detaching Blue Cane township from Greene County and attaching it to Clay County; that the county judge told appellants to represent the county in these suits; that while these suits were pending they presented their claim to the county court in the sum of $1000 for services which they had already performed in the *quo warranto* suit; that the county judge asked them if they would be satisfied with an allowance of $600 as a part payment of their services with the understanding that the balance should be allowed when the whole litigation should be ended and that they agreed to this and the county court granted them an allowance of $600 stating specifically in the order that it was for legal services in the *quo warranto* case styled *State of Arkansas* v. *Clay County.*

No appeal was taken from this order of allowance and appellants are concluded by it so far as their fees in the *quo warranto* case is concerned. The action of the county court in making this allowance was a ratification of the contract made by the county judge in the beginning. The same person was county judge at the time the original contract was made and at the time the order of allowance was made at the April term, 1911, of the county court. We think the order of allowance had the effect to ratify the contract made by the county judge as an entirety. The contract made by the county judge with appellants was to represent the county in all the litigation looking to testing the validity of the act of the Legislature detaching Blue Cane township from Greene

County and attaching it to Clay County. Appellants, after the *quo warranto* case had been decided and other suits brought in the chancery courts, continued to represent Clay County until these cases terminated favorably to the county in 1914. They are entitled to a reasonable compensation for their services.

(3) As we have already seen, the county court was the representative of the county and was acting in a fiduciary capacity. It was the duty of the court to employ counsel to represent the interests of the county and to pay them a reasonable compensation for their services. He could not, like a private litigant, agree to pay them any amount he might see fit; and in determining what is a reasonable compensation all facts and surrounding circumstances should be considered

From the views we have expressed it follows that the judgment must be reversed, and the cause will be remanded with directions to enter judgment in accordance with this opinion.

Kirby, J. dissents.