## BUCHANAN *v.* FARMER.

## Opinion delivered March 13, 1916.

1. COUNTIES—EMPLOYMENT OF SPECIAL COUNSEL.—In a case where the prosecuting attorney is unable to attend to the business of the county, or in a case where the interests of the county in some particular suit are of such magnitude and importance as to demand of the county court the exercise of such foresight and care as prudent business men bestow upon important matters, the county court may employ additional counsel.

2. COUNTIES—EMPLOYMENT OF SPECIAL COUNSEL—PRESUMPTION—REVIEW.—It will be presumed that the county court will not put the county to the expense of extra counsel, unless such service is needed, but the action of the county court in this regard is a matter in which its judgment and discretion is open to review by the appellate courts.

3. COUNTIES—COUNSEL—FEES.—When the county court employed counsel to represent it in the collection of a certain sum of money, without calling on the prosecuting attorney to do so, and where it appeared that the matter was such that the employment of extra counsel was unnecessary, a judgment allowing an attorney's fee will be reversed.

Appeal from Garland Circuit Court; *Scott Wood,* Judge; reversed and dismissed.

*Gibson Witt,* for appellant.

If there is a liability at all in this case, it could be created only by express contract. No recovery could be had on a *quantum meruit.* An appropriation to pay for legal expenses was necessary; none was made. It was the duty of the prosecuting attorney to bring the suit for the county and it was an abuse of the discretion of the county court to employ an attorney and pay him. There was really no liability by the county. Kirby's Digest, § 1499, as amended by Acts 1909; 34 Ark. 369; 26 *Id.* 37; 7 Am. & Eng. Enc. Law, (2 ed.) 941, 945-6; Kirby's Digest, §§ 6392-3-5; 47 N. E. 829.

*Chas. Jacobson,* for appellee.

The county court has the authority to employ counsel where the interests of the county demand it. No previous appropriation was necessary. The contract was made in good faith; the services were rendered and

the contract does not contravene section 9, Acts of 1875. 73 Ark. 523; 63 *Id.* 399; 93 *Id.* 11; 119 Ark. 567; 53 S. W. 476. No abuse of discretion is shown.

HART, J. This appeal involves the right of the county court to make an allowance to T. P. Farmer for legal services rendered by him in behalf of Garland County. The facts are as follows:

The General Assembly at its 1911 session passed an act creating the eighteenth judicial circuit, composed of the counties of Garland and Montgomery. The act provided that two-thirds of the salaries of the judge and prosecuting attorney should be paid by Garland County, by order of the county court, and the remaining one-third of the salaries should be paid in the same manner as salaries of other judges and prosecuting attorneys.

This court held that under our Constitution the salaries of circuit judges must be paid by the State, and the act creating the eighteenth judicial circuit, insofar as it imposed the payment of two-thirds of the salary upon one county in the circuit was invalid. See *Cotham v. Coffman,* 111 Ark. 108. That opinion was delivered January 19, 1914. At that time Cotham had served as circuit judge under said act for twenty-nine months and had been paid $4,866.46 by orders of the county court of Garland County.

On January 15, 1915, the county court of Garland County entered into a written contract with T. P. Farmer, an attorney of Hot Springs, in which he was employed to recover back the amount paid to Judge Cotham, and it was agreed to pay him 25 per cent. of the amount. On February 27, 1915, the claim of T. P. Farmer, based on said contract, was allowed in the sum of $1,216.61, and county warrants were issued to him for that amount. S. A. Buchanan, a citizen and tax payer of Garland County, was allowed to become a party to the action and appealed to the circuit court from the order of allowance. The circuit court set aside the order of allowance and remanded the cause to the county court without prejudice to Farmer filing his claim upon a *quantum meruit.* There-

after the county court allowed his claim in the sum of $750 and Buchanan again appealed to the circuit court. The circuit court allowed the claim in the sum of $500, and from the judgment rendered Buchanan prosecuted an appeal to this court.

The testimony of several witnesses was taken upon the question of whether or not the amount allowed Farmer was a reasonable compensation for the legal services rendered by him, but the views we shall hereinafter express renders it unnecessary for us to abstract the testimony on this point.

After his contract of employment with the county court, Farmer went to see Judge Cotham about the matter. Judge Cotham stated to him that if the State would make an appropriation for the salary already earned by him, that he would pay back the amount received from Garland County, otherwise that he would not do so without suit.

An appropriation bill was introduced and passed by the Legislature, appropriating the sum of $4,866.46 to the payment of the salary of Judge Cotham in lieu of what had been paid him by Garland County.

Farmer testified that he procured the passage of this bill, or as he expressed it, lobbied it through the Legislature at a cost of $125 to himself. He said that the amount expended by him was for legitimate expenses. After Judge Cotham received the money from the State he paid back to Garland County the amount he had received from it as before stated.

The prosecuting attorney resided in the city of Hot Springs but was not asked to represent the county in the matter and did not do so. He was not asked to represent the county in the matter but said, that in his opinion, no suit against Judge Cotham was necessary. It may be fairly inferred from the record that the prosecuting attorney had time to have brought the suit had he been requested by the county court to do so.

Section 6392 of Kirby's Digest provides that each prosecuting attorney shall commence and prosecute ac-

tions both civilly and criminally in which the State or any county in his circuit may be concerned.

(1-2) Notwithstanding this statute makes it the duty of the prosecuting attorney to represent the county, we have recognized that there are circumstances under which the interest of the county might be neglected or even sacrificed unless the county court has authority to employ other counsel than the prosecuting attorney. The prosecuting attorney might neglect or refuse to perform the duties required of him by the statute, or the press of other duties might prevent him from representing the county. In case where he is unable to attend to the business of the county, or in case where the interest of the county in some particular suit is of such magnitude and importance as to demand of the county court, in the exercise of such foresight and care as prudent business men bestow upon important matters, we have recognized the power of the county court to employ additional counsel. *Oglesby* v. *Ft. Smith Dist. of Sebastian County*, 119 Ark. 567, 179 S. W. 178; *Spence & Dudley* v. *Clay County*, 122 Ark. 157. The presumption is that the county court will not put the county to the expense of extra counsel, unless such service is needed, but the action of the court in this regard, is a matter in which its judgment and discretion is open to review of the appellate courts.

(3) In the case before us it was not shown that the prosecuting attorney was unable or refused to attend to the litigation in question. On the other hand, it was shown that he lived in the same town in which the county court was held and was not asked to represent the county or even consulted about it. He gave it as his opinion that no suit was necessary about the matter.

The suit was not one of such magnitude and importance as to require the service of extra counsel. Any one competent to perform the ordinary duties of a prosecuting attorney could have attended to the matter. It does not appear that there was any necessity whatever for the employment of extra counsel. There is no reason why, in

the judgment of prudent men, additional counsel should have been employed, and we think, under the particular circumstances of this case, the county court abused its discretion in entering into the contract in question, and no allowance should have been made in payment. In reaching this conclusion we have not overlooked the fact that Mr. Farmer said he spent $125 in procuring the passage of a bill carrying an appropriation for the salary of Judge Cotham already paid by Garland County. Such action contravenes public policy and was void.

In *Harris* v. *Roof's Excrs.,* 10 Barb. (N. Y.) 489, the court held that no action will lie for services as a lobby agent in attending to a claim against the State before the Legislature, and that agreements in respect to such services are against public policy, and are prejudicial to sound legislation. To the same effect are *Trist* v. *Child,* 21 Wall. (U. S.) 441; *Rose* v. *Truax,* 21 Barb. (N. Y.) 361; *Clippenger* v. *Hepbaugh,* 5 Watts & Sergeant (Pa.) 315, 40 Am. Dec. 519.

From the views we have expressed, it follows that the judgment must be reversed, and inasmuch as the case seems to have been fully developed, the claim of appellee against the county will be dismissed here.