### SUMPTER *v.* BUCHANAN.

### Opinion delivered April 2, 1917.

1. COUNTIES—AUTHORITY OF COUNTY COURT TO EMPLOY SPECIAL COUNSEL.—In matters of ordinary importance only, it is an abuse of the discretion of the county court to employ outside counsel to represent the county, unless the prosecuting attorney refused to act, or unless his time was so taken up with other matters that he could not act. But in cases of more than ordinary importance the county court may employ counsel to represent the county.

2. COUNTIES—GARLAND COUNTY—JUDGMENT AGAINST—EMPLOYMENT OF COUNSEL.—The county court of Garland County *held* not to have abused its discretion in employing counsel to represent the county in an effort to get the United States District Court to modify an improper order which it had made with reference to the taxes of the county, and in fixing a reasonable fee to be paid to said counsel.

Appeal from Garland Circuit Court; *Scott Wood,* Judge; reversed.

*O. H. Sumpter* and *Chas. Jacobson*, for appellants.

1.   The contract to employ additional counsel was
not void under the decision in 179 S. W. 178.

2.   The contract was reasonable. .122 Ark. 157.
Plenary powers are vested in the county court.   The com-
pensation was just and reasonable, and no abuse of dis-
cretion is shown.   179 S. W. 178; Kirby's Digest, § 1375.
The court, under the circumstances, had the power to
make the contract.   Cases *supra;* 122 Ark. 566.

*Gibson Witt,* for appellee.

1.   The county court had no power to employ addi-
tional counsel.   It was an abuse of discretion.   The fee
was properly disallowed.   James P. Clarke was paid in
full his fee.   1 Enc. Pl. & Pr. 148.   It was an undertak-
ing to do an illegal act.   95 Ark. 552.   See also 7 A. & E.
Enc. L. (2 ed.) 148; 94 Ark. 375; 122 Ark. 157.   It was
the prosecuting attorney's duty to render the services.
179 S. W. 178; 122 Ark. 562.

2.   The findings of fact are conclusive on appeal.   68
Ark. 83.

HUMPHREYS, J.   Artie K. Palmer obtained judgment
in the United States District Court at Little Rock against
Garland County for $123,000.   The county made the fol-
lowing payments on said judgment:   $28,361 in 1912;
$20,091 in 1913; which left a balance of $74,000 due on
said judgment on July 11, 1913.   These payments were
made out of a fund raised by a two mill levy on the dol-
lar of the assessed valuation of the property of the
county.   This special two mill levy had been laid on the
property of the county by the officers who were forced to
make the levy by an erroneous order of the Federal court.
The county could only levy a five mill tax for general
revenue purposes, and after paying the amount raised by
the two mill levy, it only left the amount raised by a three
mill levy to conduct the general business of the county.
The county had gotten behind and scrip was reduced in
value to fifty cents on the dollar.   The payment of about

$20,000 a year on these judgments had become very burdensome and greatly interfered with the affairs of the county. The finances of the county were in a deplorable condition. Being unable to compromise in any way with Artie K. Palmer, the county entered into a contract with Senator James P. Clarke and his associates, O. H. Sumpter and Charles Jacobson, to secure a modification of the erroneous judgment or order of the Federal court, and contracted with them to pay a fee of $6,000 in scrip as a contingent fee in case they could secure a modification of the judgment to the effect that one mill should be levied instead of two on the property of the county to pay said judgment. The contract provided that upon the contingency stated above $2,500 of said scrip should be issued immediately and $1,750 in one year and $1,750 in two years. The contract provided that the fee above mentioned should be paid, "in the event the party of the second part (referring to Senator James P. Clarke and his associates) succeeded by action in court, or in any other manner, in securing said modification or vacation of said judgment so Garland County will receive and retain for its general revenue fund one mill of the two mill levy made on November 25, 1914, to be applied and paid on said judgment, and so that Garland County will not hereafter be required to levy in any one year exceeding one mill to be applied and paid on said judgment."

On November 30, 1914, through the effort of Senator James P. Clarke and his associates, the United States court at Little Rock made an order, the material part of which is as follows: "It is considered and adjudged by this court that the order requiring a tax levy of two mills be, at the request of the relator, reduced to one mill on the dollar of the taxable property of Garland County. * * *"

Under the terms of the contract, Senator Clarke received the first payment of $2,500 in scrip, which covered his part of the $6,000 fee. When the next installment of $1,750 became due under the contract, a settle-

ment was reached by which Sumpter and Jacobson were allowed $3,000 in full settlement of the fee. From this order of allowance S. A. Buchanan, a taxpayer of Garland County, appealed to the circuit court. The circuit court, sitting as a jury, tried the cause, disallowed the claim, dismissed the petition of appellants, and adjudged the costs against them.

From the judgment dismissing their petition they have appealed to this court.

The first question involved in this appeal is whether the county court had authority to employ counsel to represent the county in securing a modification of the judgment in question. It is first contended that Sections 6392 and 6393 of Kirby's Digest preclude the county court from employing counsel to represent the county in litigation in State and Federal courts without consulting the prosecuting attorney, or unless the prosecuting attorney was requested to act and then neglected or refused to perform the service, or unless the prosecuting attorney's duties were such in character that he did not have time to properly represent the county. Said sections are as follows:

"Sec. 6392. Each prosecuting attorney shall commence and prosecute actions, both civil and criminal, in which the State or any county in his circuit may be concerned."

"Sec. 6393. He shall defend all suits brought against the State, or any county in his circuit, prosecute all forfeited recognizances and actions for the recovery of debts, fines, forfeitures or penalties accruing to the State in any county in his circuit."

These sections were under discussion in the case of *Oglesby* v. *Fort Smith District of Sebastian County,* 119 Ark. 567, and this court said: "We think the county court has power to employ additional counsel when in his judgment the interests of the county are of sufficient importance to demand it. * * *" The same sections of the

Digest were again before the court for consideration in the case of *Spence & Dudley* v. *Clay County*, 122 Ark. 157, when this court again said: ''We held in the case of *Oglesby* v. *Fort Smith District of Sebastian County* that the county court, under our Constitution and laws, was empowered to employ other counsel when in its judgment the interests of the county were of sufficient importance to demand it. * * *'' The last expression of this court on the point involved is found in the case of *Buchanan* v. *Farmer*, 122 Ark. 562. In that case the court said ''in case where the interest of the county in some particular suit is of such magnitude and importance as to demand of the county court, in the exercise of such foresight and care as prudent business men bestow upon important matters, we have recognized the power of the county court to employ additional counsel. The presumption is that the county court will not put the county to the expense of extra counsel, unless such service is needed, but the action of the court in this regard is a matter in which its judgment and discretion is open to review of the appellate courts.''

(1) The purport of the decisions just referred to is that under the Constitution of this State the county court, in the exercise of a sound discretion, may in cases of more than ordinary importance, employ counsel to represent the county. In matters of ordinary importance only it would be an abuse of the sound discretion of the court to employ counsel unless the prosecuting attorney refused to act or unless his time was so taken up with other matters that he could not act.

(2) The suit against Garland County for the enforcement of the large judgment erroneously entered against it was of such magnitude and importance as to require the employment of extra counsel. The business affairs of the county were greatly imperiled. The situation was not only a matter of grave concern to the county court but to the levying court. The levying court in session adopted a resolution urging the county court to

employ counsel to take the legal and necessary steps to the end that the order of the United States District Court might be vacated or modified in order that the county might be released from its intolerable and unbearable condition. Senator James P. Clarke was employed because it was believed the case would be carried to the Court of Appeals and because of his broad experience and familiarity with procedure in Federal courts. Under the undisputed facts in the case, it can not be said that the county court abused its discretion in employing counsel. The trial court, in rendering his opinion, found that "the matter of the reduction of the judgment was of such importance to the county that the court could not say that the county court would have abused his discretion by employing additional counsel." There is nothing in this record from which it might be inferred that the county court ignored the prosecuting attorney or that the prosecuting attorney was excluded by virtue of the employment of Senator Clarke and his associates from participating in or even directing the course to be pursued. The record is entirely silent as to the attitude assumed by the prosecuting attorney with reference to this litigation. This case may also be differentiated from the case of *Oglesby* v. *Fort Smith District of Sebastian County, supra,* for the reason that in that case the court found from the whole testimony that it was a contest between the outgoing and incoming county judge rather than a suit for the benefit of the county. In the instant case, the suit was clearly in the interest of and for the benefit of the county.

We think the learned trial court erred in declaring as a matter of law that the contract between the county and Senator Clarke and his associates was void for the reason that the prosecuting attorney was not consulted with reference to the course of litigation, and declaring as a matter of law that the effect of this contract was to ignore the prosecuting attorney or to confer the entire

management of the case upon other counsel to the exclusion of the prosecuting attorney.

It is again insisted that the contract was *ultra vires* and void for the reason that it was an indirect undertaking to pay interest upon the county indebtedness. The mere fact that the interest on deferred payments, if the levy could be reduced, was used as a basis upon which to estimate the amount of fee fixed, is in no sense a contract to pay interest.

The court in its sound discretion had a right, subject to review of appellate courts, to fix a reasonable fee commensurate with the importance of the litigation contemplated. The presumption is the court fixed a reasonable fee. Nothing appears to the contrary in the record before us. The importance of the litigation, the necessity of immediate relief and eminence of counsel employed point unerringly to the conclusion that the fee fixed by the court was reasonable in amount.

It is further contended that the intention of the contract was that Senator James P. Clarke and his associates should obtain an order not only reducing the enforced levy from two mills to one mill, but that the judgment should be to the effect that the Federal court would not again require the levy to be raised until the entire indebtedness had been paid. The facts are that under the order obtained, the county was not required to pay more than the one mill levy in 1914, and that thereafter without the knowledge or consent of said attorneys the county appeared under citation or application in the Federal court and consented that the levy be increased in said order from one mill to a mill and a half. It would be unjust and inequitable to permit the county to defend against this claim on this account. Good faith alone on the part of the county would require it to have notified these attorneys that an application had been made in the Federal court by Artie K. Palmer to raise the levy and to have requested them to defend against it.

It was error to disallow this claim and dismiss the petition of appellants. The judgment is, therefore, reversed and the cause remanded for further proceedings in keeping with this opinion.