PULASKI COUNTY v. SHOFNER.

4-4223

Opinion delivered March 23, 1936.

*Fred A. Donham* and *Milton McLees*, for appellant.

*Price Shofner*, for appellee.

SMITH, J. This appeal grows out of the opinion in the recent case of *Johnson* v. *Donham,* 191 Ark. 192, 84 S. W. (2d) 374. Johnson, the appellant in that case, brought suit in the Pulaski Chancery Court as a citizen and taxpayer, to restrain the expenditures of the sum of $2,500, which the quorum court of Pulaski County had appropriated to purchase a law library for the office of the prosecuting attorney of the district of which Pulaski County is a part. It was held on the appeal to this court in that case that the county was without authority to expend county funds for this purpose. Johnson, the citizen and taxpayer, was represented in the litigation by Price Shofner, an attorney residing in Little Rock, who filed a claim with the county court of Pulaski County for $625 for the services which he had rendered in the prosecution of that litigation and for $68.60 costs which he had advanced. The claim was disallowed by the county court, from which judgment an appeal was duly prosecuted to the circuit court, where, after hearing testimony, the attorney was allowed a fee of $450 in addition to the costs he had advanced, making a total allowance of $518.60. From this judgment the county has appealed.

For the reversal of this judgment it is insisted, (a) that if there were a contract, it was not lawfully made, and (b) there was no contract.

In support of the contention that no lawful contract of employment was made between the county and the attorney, we are cited to § 8 of act 74 of the Acts of 1933, page 211. The relevant portion of that section reads as follows: "It shall be unlawful to employ, retain, or otherwise engage counsel to represent any county in such district except by and with the advice and consent of the prosecuting attorney of said districts. This section shall not be construed to prohibit suit by taxpayers when the county judge and prosecuting attorney refuse to act."

If this act is not void as being local legislation, and if the portion of § 8, above quoted, is not invalid as infringing upon the jurisdiction of the county court, as

appellee insists, (upon which question we reserve our opinion, as was done in *Johnson* v. *Donham, supra,* where the provisions of another section of this act were invoked) then it must be said that the act affords no authority for the contention of appellant that the county court was without authority to employ special counsel without the advice and consent of the prosecuting attorney. The act has no application under the facts of this case. The prosecuting attorney was an adverse litigant. He appeared as counsel of record for the other side of the question. His interests were adverse to those of the county in that litigation. This was in effect a refusal by the prosecuting attorney to act in opposition to the expenditure of the appropriation, as he could not represent both sides of the litigation; and, while the advice and consent of that officer was not obtained, it was not required.

We think the testimony is sufficient to support the finding of the trial court that there was a contract for the employment of the special counsel. It is certain no definite fee was agreed upon, but it is not essential that there should have been. *Davis* v. *Webber,* 66 Ark. 190, 49 S. W. 822; 45 L. R. A. 106, 74 Am. St. Rep. 81; *Oglesby* v. *Ft. Smith District of Sebastian County,* 119 Ark. 567, 179 S. W. 178, 1199.

According to the testimony of Shofner, he had a contract with the county judge acting for the county under which he was to be paid a fee contingent upon the successful termination of the litigation, which it was agreed he should institute. He was to be paid no fee unless he prevailed, but he was to be paid a reasonable fee if he defeated the appropriation.

It is undisputed that the county judge and the attorney conferred about the matter, but the judge was reluctant to antagonize the budget committee of the quorum court, which had recommended that the appropriation be made. The county judge had been advised that the appropriation could not be defeated, and he was unwilling to incur expense in unsuccessful litigation. The judge suggested to the attorney that the publicity would

be sufficient compensation; but the attorney told the judge he would expect a fee, if he won the case and saved the county the money, and would expect the county court to allow a reasonable fee if "the validity and the amount of it should be passed upon by a court of competent jurisdiction." The county judge replied "that is all right." But he also said that he would not fix the amount of the fee. He did not do so. By rejecting the claim, he passed the question to the circuit court, where it was disposed of on the appeal. The reasonableness of the fee is not questioned, and it does not appear to be unreasonable in as much as it was upon contingent basis. The testimony is sufficient to support the finding that there was a contract for a reasonable fee in the event of a successful termination of the litigation which was begun as a taxpayer's suit pursuant to the understanding with the county judge to that effect.

The judgment must therefore be affirmed, and it is so ordered.