ROTHROCK *v.* WALKER.

4-5386 125 S. W. 2d. 459

Opinion delivered February 20, 1939.

*O. E.* and *Earl N. Williams,* for appellant.
*Clifton Wade* and *G. T. Sullins,* for appellee.

MEHAFFY, J. Henry B. Walker was circuit clerk of Washington county during the year 1936, and J. H. McIlroy and Fanny Walker were sureties on his official bond. Walker went out of office January 1, 1937, but had not made a final settlement with the county court for his 1936 accounts. The reason alleged by him for not having done so is that at that time there was a question as to what law governed and to what emolument and fees the clerk of Washington county was entitled. It is alleged that at that time there were suits pending in the chancery court of Washington county involving these questions. These suits had been filed at the request of the auditorial department of the state, and the litigation was being conducted by the prosecuting attorney.

An audit was made which showed that Walker had collected $10,770.02, for which he should account. No-

tice was served upon Walker and his bondsmen on March 17, 1938, notifying them that the balance due the county and state and their agencies for the year 1936 was $5,142.22, based on the local salary act of 1921. They were notified that unless this balance was paid within 15 days or cause shown why same should not be done, judgment would be entered against them for said sum and execution issued thereupon.

An audit was filed with the county clerk in March, 1938, showing that Walker, circuit clerk, was indebted to Washington county, state of Arkansas, and improvement districts in the total sum of $2,247.22. On April 4, 1938, the court found that Walker and his sureties were indebted to the county, state and their agencies based on the local salary act of 1921, in a total sum of $5,142.22. That this balance was ascertained by the court before said notice was given; that more than 15 days had elapsed since that time and said sum had not been paid, and no reason given why judgment should not be entered, and judgment was entered accordingly.

It is alleged by the county judge that the audit referred to of $2,247.22 was based upon an opinion of the attorney general. Walker and sureties on his bond moved to dismiss, alleging that the county court had no jurisdiction. An appeal was prosecuted to the circuit court.

On August 29, 1938, I. R. Rothrock, as a citizen, taxpayer, and county judge, filed an intervention in which he stated that he did not believe it was to the best interest of the county for the case to be settled and dismissed upon the payment of $900 in full settlement of the county's share of receipts of the circuit clerk's office for 1936. The intervention is alleged to have been filed for the reason that the county judge was advised that the prosecuting attorney had entered into an agreement with Walker and his sureties to settle his case for $900.

A motion to strike the intervention was filed by Walker and sustained by the court.

The following is the intervention filed by County Judge I. R. Rothrock:

"Comes I. R. Rothrock, as a citizen, taxpayer, and County Judge of Washington county, and intervenes and

asks to be made a party to this case, and for causes, states:

"1. That he is the duly elected, qualified and acting County Judge of Washington county, Arkansas, and. a citizen and taxpayer thereof.

"2. That he does not believe it is to the best interests of Washington county or the citizens thereof for this case to be settled and dismissed upon payment of Nine Hundred ($900) Dollars, in full settlement of the county's share of receipts of the circuit clerk's office for the year 1936 in the sum of $10,770.02. That the auditor's report shows an indebtedness to the county of $2,247.22, after allowing him $5,000 salary for himself and $2,500 for his deputies, and the judgment herein is for $5,142.22 based upon a salary of $3,420.

"Wherefore, intervener prays that he be made a party plaintiff to this cause and that same proceed to trial in his name as County Judge, a citizen and taxpayer of Washington County."

Appellant states that the first question to be settled in this case involves the right of the prosecuting attorney to dismiss a case of this kind, a case in the circuit court, on appeal from the judgment of the county court rendered under authority of § 13946 of Pope's Digest, which case was being conducted in the circuit court by special counsel employed by the county, the prosecuting attorney not being attorney of record for the county, and not having been requested by the county judge to represent the county; but on the contrary, having entered into an agreement to settle the case over the objection of the county judge.

Section 13946 of Pope's Digest reads as follows:

"When any balance shall be found against any clerk, sheriff, collector, coroner, constable or other officer for moneys accruing to the county treasury, and the same shall not be paid within the time prescribed by law, it shall be lawful for the county court, fifteen days' notice being given to such delinquents and their securities, to render judgment against delinquents and their securities for the amount of all moneys ascertained to be due the county, and issue execution therefor."

Section 10889 of Pope's Digest reads as follows: "Each prosecuting attorney shall reside in the judicial circuit for which he may be elected, and shall commence and prosecute actions, both civil and criminal, in which the state or any county in his circuit may be concerned."

Section 10890 of Pope's Digest provides that the prosecuting attorney shall defend all suits brought against the state or any county in his circuit, prosecute all forfeited recognizances accruing to the state in any county of his circuit.

Section 10891 provides that the prosecuting attorney shall give his opinion to any sheriff, constable, justice of the peace or county court, if required, on any question of law in any criminal case or other matter in which the state or county is concerned, pending before said officer.

It is true, as argued by appellant, that the prosecuting attorney was not the attorney of record in the suit in the county court, but the evidence does not show that he had any notice of the action of the county court and no notice of the judgment against Walker and his sureties. The evidence does not show that the county court or county judge called on him for any advice or opinion. This case in the county court was begun by serving notice on Walker and his sureties, none of whom seems to have appeared in the county court, and judgment was entered by the county court against Walker and his bondsmen without notice, so far as the evidence shows, to the prosecuting attorney. Walker and the sureties on his bond appealed this case to the circuit court. In the meantime there were suits pending in the chancery court against Walker and the sureties on his bond, and when this case reached the circuit court the prosecuting attorney assumed charge and entered into an agreement to settle not only the case in the circuit court, but the cases in the chancery court.

Mr. Bryan Sims, chief accountant for the State Comptroller's office in charge of the county audit division of the auditorial department of the state of Arkansas, agreed to and approved the agreement to settle made by the prosecuting attorney, and gave his reasons for approving and agreeing to the settlement.

We think the only question involved in this case is whether the prosecuting attorney had a right to settle the four cases, and we think it wholly immaterial as to what law is valid or whether any of them are repealed, because the prosecuting attorney doubtless took all these things into consideration in arriving at a settlement, and no doubt Mr. Sims did too. So that if the prosecuting attorney had authority to make the settlement, the county judge or taxpayer could not interfere with or prevent making the settlement. If he did not have authority to make it, then of course it would make no difference what law was in effect at that time as to fees or salary.

In the case of *Oats* v. *Smith*, 194 Ark. 812, 109 S. W. 2d 955, the questions involved were practically the same as the ones here involved. The court there said that the appellant, in his capacity as county judge and as taxpayer, filed an intervention alleging that the proposed settlement by the prosecuting attorney was an improvident settlement and that after an investigation he had concluded that the county could recover a very much larger sum, and he asked the court to reject the settlement and proceed to trial, praying that the attorney employed by him be enrolled as attorney for the court to prosecute the suit to a conclusion. It was said there that the trial court heard the evidence of J. B. Sims and others over the objections of appellant, tending to show that the settlement was fair and equitable, and that in his opinion the settlement was to the best interest of the county. The trial court held that the prosecuting attorney had authority to compromise the case, and this was approved by this court in the above case. The court discussed and construed act 146 of the acts of the General Assembly of 1933, and it would serve no useful purpose to discuss the act here.

It is true in this case that the suit against Walker and his sureties in the county court was not brought by the prosecuting attorney, but as we have already said, the evidence does not show that the prosecuting attorney's attention was ever called to it until it reached the circuit court.

Appellant contends, however, that notwithstanding the provisions of the section with reference to the prosecuting attorney, still where the county is interested, and when in the judgment of the county court the best interests of the county require it, it may employ special counsel to represent the county.

The first case to which attention is called is *Oglesby* v. *Ft. Smith District,* 119 Ark. 567, 179 S. W. 178, 1199. This was a suit where the special attorney employed by the county court presented a claim for legal services. His claim was disallowed, and on appeal to this court the judgment of the circuit court was affirmed, and while a majority of the judges voted to affirm it, they did so for different reasons. It is true that the opinion said in that case: "We think the county court has power to employ additional counsel when in his judgment the interests of the county are of sufficient importance to demand it, or, in cases where the prosecuting attorney neglects or refuses to perform the duties imposed upon him by statute, or, where his other duties are of such character that he does not have time to properly represent the county. We are of the opinion, however, that the power of the court to employ additional counsel does not give the right, under the guise of such employment, to take the case out of the hands of the prosecuting attorney and confide its management to other attorneys without consultation with the prosecuting attorney, or for the purpose of furthering the private interests of the county judge."

There is no evidence in the instant case that the prosecuting attorney neglected or refused to perform his duty, and as stated in the case cited, the county court did not have the right to take the case out of the hands of the prosecuting attorney and confide its management to other attorneys.

The next case relied on by appellant is *Leathem* v. *Jackson County,* 122 Ark. 114, 182 S. W. 570, Ann. Cas. 1917D 438. This case did not involve the employment of special counsel, but involved the validity of a contract made by the county court employing expert accountants.

The next case relied on is *Spence & Dudley* v. *Clay County*, 122 Ark. 157, 182 S. W. 573. But the court said in that case: ''The present case is manifestly one where the prosecuting attorney could not represent the county and where the county court would be empowered to employ other counsel to represent the county and protect its interest. Greene and Clay counties are in the same judicial district and have the same prosecuting attorney; obviously the prosecuting attorney could not represent both counties and would not be required to make a choice of which county he would represent. Therefore the county court was authorized to employ other counsel to represent the county.''

Appellant next relies on the case of *Buchanan* v. *Farmer*, 122 Ark. 562, 184 S. W. 33. That case was where an act of the Legislature had been passed providing that two-thirds of the salaries of the judge and prosecuting attorney should be paid by Garland county. Farmer was employed by the county court to represent Garland county. The opinion states that the prosecuting attorney was not asked to represent Garland county and did not do so; but the court said that it might be fairly inferred that the prosecuting attorney had time to have brought this suit had he been requested by the county court to do so, and it also said that in a case where the prosecuting attorney was unable to attend to the business of the county, or in a case where the interests of the county in some particular suit is of such magnitude and importance as to demand of the county court the employment of special counsel, this court has recognized the right of the county court to do so. In this case the court held that he did not have the right to employ special counsel, and it reversed the case and dismissed the claim of appellee.

The next case relied on is *Sumpter* v. *Buchanan*, 128 Ark. 498, 194 S. W. 27, and the court again held that under the circumstances in that case the county court did not have the right to employ special counsel.

In the case of *Pulaski County* v. *Shofner*, 192 Ark. 471, 92 S. W. 2d 217, there was involved the question of the county furnishing a library to the prosecuting attorney, and the prosecuting attorney was of course, directly interested in the case.

"As a judicial or *quasi* judicial officer a prosecuting attorney has a certain discretion as to when, whom and against whom to proceed. Unless otherwise provided by law, all suits on behalf of the state should be brought by the prosecuting attorney in the name of the state." 18 C. J. 1316.

"It is the duty of the district attorney to appear for any county in his district, in all matters in which it may be a party or interested, in the district court of his district. . . . A willful neglect of this duty would be a misdemeanor, and render him liable to indictment, fine and imprisonment." *Clark & Grant* v. *Lyon County,* 37 Iowa 469. In the same case, the court further said:

"The duty thus positively enjoined upon the district attorney must, of necessity, be accompanied with the right to do the thing required. If it is a positive duty, resting upon the district attorney to appear in the district court for the respective counties in his district, it is just as much a duty for the board of supervisors and the court to permit him to appear when he desires to do so. And a refusal to allow him to appear denies him a legal right."

The settlement in this case seems to have been fair, and Mr. Sims, who was not interested, had made a thorough examination of the facts, and approved the settlement. The prosecuting attorney, who is a state officer, had made a thorough investigation, and in his judgment the settlement was fair.

Under the authority of *Oats* v. *Smith,* 194 Ark. 812, 109 S. W. 2d 955, the judgment of the circuit court is affirmed.