The Honorable Billy Joe Purdom State Representative HCR 66, Box 34 Yellville, Arkansas 72687
Dear Representative Purdom:
This is in response to your request for an opinion on several questions regarding the County Board of Education. Your questions have been restated and answered in the order presented:
 1. Is there an Arkansas law which requires a County Board of Education to have a regular schedule of meetings in a given year?
The answer to this question is yes. Arkansas Code of 1987 Annotated 6-12-107(a) states as follows under subsection (a):
 The county board of education shall meet on the third Tuesday of March, June, September, and December of each year and as [at] such other times as meetings may be adjourned to, or on call of the chairman, the county school supervisor, or any three (3) members of the board.
2. If there is such a law, what are the penalties for failure to comply with this law?
There appear to be no statutory or constitutional provisions imposing penalties in connection with 6-12-107. While the "School Law" (Act 169 of 1931) does impose certain penalties for willful failure or refusal to comply with that law (see A.C.A. 6-10-102 — 104), it must be noted that 6-12-107 is not a part of that law.
While it has been stated that the common law recognizes the offense of "nonfeasance" in office (see 67 C.J.S. Officers 256), the status of the law in Arkansas on this subject is unclear.
It should be noted, finally, that the "writ of mandamus" offers a potential means of enforcing a public officer's performance of an established duty. Arkansas Code of 1987 Annotated 16-115-101(1) defines this writ as "an order of the circuit or chancery court granted upon the petition of an aggrieved party or the state when the public interest is affected, commanding an executive, judicial, or ministerial officer to perform an act. . . ." It has been stated that mandamus is a drastic remedy to be invoked only in extraordinary circumstances. In re Don Hamilton Oil Co.,783 F.2d 151 (8th Cir. 1986). It is thus apparent that all of the particular facts and circumstances must be considered in assessing the propriety and likely outcome of a mandamus action.
3. If there is a law and if there has been a clear violation of this law, is it the responsibility of the County Prosecuting Attorney upon the request of one or more private citizens to take action concerning this violation of the law?
It must be recognized, in response to this question, that prosecutorial matters are generally within the discretion of the prosecuting attorney. See, e.g., Rothrock v. Walker, 197 Ark. 846,125 S.W.2d 459 (1939); Venhaus v. Brown, 286 Ark. 229,691 S.W.2d 141 (1985). Thus, even if an Arkansas Court agreed to hear an action premised upon "nonfeasance" in office, the element of prosecutorial discretion compels us to conclude that a court will in all likelihood refuse to force such an action. Of course, the final resolution of this question will depend upon the particular facts and circumstances.
4. Can a public, elected or appointed, committee or board (quorum court or County Board of Education) vote by secret ballot on an issue even if the vote tally comes out even with the number of board members voting?
It is my opinion that a vote by written ballot is not necessarily prohibited by law. However, a subsequent refusal to release the individual votes to the public would appear to be contrary to the Arkansas Freedom of Information Act. (A.C.A. 25-19-101, et seq.) (See, Op. No. 74-72 copy enclosed.) [TYPIST'S NOTE: A copy of 74-72 was NOT attached to type into the computer.] Arkansas Code of 1987 Annotated 25-19-102 offers a clear expression of legislative intent for public business to be performed ". . . in an open and public manner so that the electors shall be advised of the performance of public officials and of the decisions that are reached in public activity and in making public policy."
5. Is it a violation of Arkansas law for a board member who is presently serving on a County Board of Education to help secure a position for that board member's spouse on a school district board of education that is within the same county.
It must be initially noted that we are uncertain what is meant by the phrase "to help secure a position." While legitimate questions might arise if bribery or coercion was somehow involved, at least one Arkansas Circuit Court has held that a County Board member's nomination of a spouse for a school district board position is not contrary to A.C.A. 21-8-304. (See McNew, et al. v. Villines, et al., Circuit Court of Marion County, Ark., No. CIV-88-2). Section 21-8-304 prohibits a public official or state employee from using his position ". . . to secure special privileges or exemption for himself, his spouse, . . . that is not available to others, except as may be otherwise provided by law."
It is my understanding that this case has been appealed to the Arkansas Supreme Court. We must therefore refrain from addressing matters currently in litigation, consistent with established policy.
6. Can a person simultaneously serve on a school district board of education and on an equalization board if they are in the same county.
I believe that this question is also part of the above-referenced appeal to the Supreme Court. Our policy therefore dictates that we not address this question at this time.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.