The Honorable John Casteel Prosecuting Attorney Nineteenth East Judicial District 103 South Spring Post Office Box 536 Berryville, AR 72616
Dear Mr. Casteel:
I am writing in response to your request for my opinion on the following questions, which you have submitted on behalf of Carroll County Judge Ed Robertson:
 1. May the County hire an attorney other than the Prosecutor to perform legal work on county projects?
 2. If so, may that attorney be paid from funds collected to construct a county jail facility; in other words, does the authorization to construct a jail facility allow for funds to be used to pay for legal work from a private attorney in the same manner as an architect or other service provider?
RESPONSE
In my opinion, the answer to your first question is "yes," subject to certain qualifications discussed below. Answering your second question will entail conducting a factual inquiry into the terms of the tax levy and appropriation for construction of the jail facility. However, I can opine that a quorum court generally has the authority to craft a tax levy and appropriation that would allow for payment of such legal fees, at least when, as appears to be the case here, the project is one the prosecuting attorney is not statutorily charged with handling.
Question 1: May the County hire an attorney other than the Prosecutor toperform legal work on county projects?
The powers of a county government are generally set forth in Ark. Const. amend. 55 and in A.C.A. § 14-14-801, which provides in pertinent part:
 (a) As provided by Arkansas Constitution, Amendment 55, Section 1, Part (a), a county government, acting through its county quorum court, may exercise local legislative authority not expressly prohibited by the Arkansas Constitution or by law for the affairs of the county.
(b) These powers include, but are not limited to, the power to:
(1) Levy taxes in a manner prescribed by law;
 (2) Appropriate public funds for the expenses of the county in a manner prescribed by ordinance. . . .
Section 14-14-902 of the Code further provides in pertinent part:
* * *
 (b) COUNSEL. (1) LEGAL COUNSEL. The prosecuting attorney or his deputy serving each county shall serve as legal counsel of the quorum court unless otherwise provided by county ordinance.
 (2) ALTERNATIVE DESIGNATION OF LEGAL COUNSEL. A quorum court may, by ordinance, provide for the appropriation of county funds for the employment of legal counsel to serve the court.
 (3) DUTIES OF LEGAL COUNSEL. The legal counsel of a quorum court shall:
(A) Attend all regular and special meetings of the court;
(B) Perform all duties prescribed in this chapter; and
(C) Perform all other duties as may be required by a quorum court.
 (c) OTHER ADMINISTRATIVE SERVICES. A quorum court may authorize and provide through ordinance, for the employment of any additional staff or the purchase of technical services in support of legislative affairs.
As is evident on the face of this statute, absent an ordinance to the contrary, the prosecutor is charged with representing only the quorum court, not the county in general. See enclosed Ark. Op. Att'y Gen. No.94-067 (analyzing the scope of a prosecuting attorney's duties to the county). As noted in my predecessor's opinion, this general rule is subject to only limited exceptions. See, e.g., A.C.A. § 7-4-106 (imposing duty to defend county board of election commissioners); A.C.A. §14-22-115 (imposing duty to advise "purchasing official on legal matters); A.C.A. § 26-25-105(c) (imposing duty to represent county in circuit court in certain tax matters); A.C.A. § 26-27-318 (upon request of assessor, members of county board of equalization or county court, imposing duty to prosecute appeals before county and circuit courts in certain tax matters); A.C.A. § 16-21-102 (imposing duty to render opinion to any county or township office in judicial district on matters of criminal law involving the county or the state). The only further statutory responsibilities charged to the prosecutor are whatever" other duties" the quorum court might elect to assign him. A.C.A. §14-14-902(b)(3)(C).
What is perhaps most striking about A.C.A. § 14-14-902 is that it unequivocally authorizes a quorum court in its discretion permanently to substitute private counsel for the prosecuting attorney. See also A.C.A. § 16-21-114 (authorizing the retention of a county civil attorney to substitute for the prosecuting attorney with respect to the representation referenced in the preceding paragraph).[1] Based upon A.C.A. § 14-14-902(b), my immediate predecessor opined that it would be permissible for a quorum court by ordinance to authorize the payment of private legal counsel permanently to represent the court. See enclosed A.C.A. § 98-023.
Your question, however, raises a somewhat narrower issue — namely, whether the quorum court may hire private counsel on an ad hoc basis to perform legal work associated with particular projects. In tentatively answering this question in the affirmative, I am influenced by two conditions I believe apply: first, in enacting A.C.A. §§ 14-14-902 and16-21-114, the legislature clearly indicated that it was not averse in principle to the idea of a quorum court retaining private counsel to handle public legal business; and, second, as reflected in Ark. Const. amend. 55, § 1(a) and A.C.A. § 14-14-801, a quorum court has unfettered local legislative authority unless some statutory or constitutional proscription applies. I am unaware of any statute or constitutional provision that expressly bars a quorum court, in its discretion, from retaining private counsel to handle particular public legal matters.[2]
To my mind, if the legislature felt comfortable in authorizing private counsel to handle all county legal matters, it could hardly be expected to object if a quorum court selects private counsel, quite possibly based on counsel's possessing some particular expertise, to handle a particular matter, even if the matter is one that would otherwise have been handled by the prosecuting attorney.[3]
However, given the requirement set forth at A.C.A. § 14-14-902(b)(2) regarding the alternative designation of private counsel, I believe the quorum court should by ordinance provide for an appropriation to defray the costs of counsel's services. See Ark. Const. art. 16, § 12 ("No money shall be paid out of the treasury until the same shall have been appropriated by law, and then only in accordance with said appropriation.").[4] See also A.C.A. § 14-14-1102(b)(2)(C)(1) (Repl. 1998).
Finally, I feel obliged to comment on the generality of your phrase "perform legal work on county projects." Although I believe that, as a general matter, a quorum court may retain private counsel to perform legal work on individual projects, determining whether such work is warranted or appropriate in any particular instance will entail making a factual inquiry into the nature of the project at issue. I am neither equipped nor authorized to undertake any such analysis.
Question 2: If so, may that attorney be paid from funds collected toconstruct a county jail facility; in other words, does the authorizationto construct a jail facility allow for funds to be used to pay for legalwork from a private attorney in the same manner as an architect or otherservice provider?
I assume that the voters authorized the county jail construction referenced in your request. If so, the provisions of the ballot title would control in determining the uses to which the tax revenues might be put. See Ark. Const. art. 16, § 11 (no tax levied for one purpose shall be used for any other purpose); A.C.A. § 26-74-308(c) (if particular sales tax uses are designated in the ballot title, the proceeds shall only be used for the designated purposes); Ark. Op. Att'y Gen. No. 98-295
(attached) (discussing whether terms of particular ballot and ordinance supported paying county's attorneys' fees in defending against taxpayer action). Only a finder of fact can determine whether such expenditures have been approved by the electorate.
I am enclosing for your information Ark. Ops. Att'y Gen. Nos. 2000-064
and 2000-126, which consider the procedures for levying, appropriating and allocating revenues for a particular purpose. I will not repeat here my analysis in these opinions beyond noting that they confirm the conclusion that the quorum court will also need to provide by ordinance for the appropriation. Moreover, as I noted in Opinion No. 2000-064: "As general propositions of law, the quorum court's appropriation should be as specific as possible as to each county purpose and actual allowances made should be scrupulously documented."
Your question is somewhat ambiguous in its reference to "that attorney." I assume from your question that the legal fees at issue would be incurred exclusively in connection with construction of the county jail facility. If so, it would appear that the fees should be appropriated and allocated out of the county jail facility fund, if such was approved by the electorate or the quorum court, just as I assume would fees owed an architect or other service provider who worked on the project. Notwithstanding this conclusion, if for some reason the electorate or the quorum court initially failed to anticipate legal fees in levying the tax, I do not believe it would be precluded from subsequently authorizing an appropriation from general revenues. As I have noted in Ark. Ops. Att'y Gen. Nos. 2000-243 and 2000-126:
 Notwithstanding the language of article XVI, § 11 [providing that every law imposing a tax must state its purpose and the taxes levied must be used for that purpose only], it is well established that a tax enacted or approved by the people without a statement of purpose is valid and may be appropriated for any general purpose. Western Foods, Inc. v. Weiss, 338 Ark. 140, 150-51, 992 S.W.2d 100 (1999); accord Oldner v. Villines, 328 Ark. 296, 305, 992 S.W.2d 100 (1997).
I believe that paying legal fees permissibly incurred is an appropriate use of general revenues.
Determining whether the ordinance(s) at issue warrant making an appropriation from any particular fund will entail conducting a factual inquiry into the terms of the ballot title and the legislation itself. As noted in my response to your first question, I am neither equipped nor authorized to conduct such an inquiry.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh
Enclosures
[1] I am assuming from your question that Carroll County has not hired a county civil attorney pursuant to this statute.
[2] However, I feel obliged to mention one opinion, Rothrock v.Walker, 197 Ark. 846, 125 S.W.2d 459 (1939), in which the Arkansas Supreme Court ruled that the county court could not take a case away from a prosecutor and assign it to private counsel in order to avoid having the prosecutor settle the action against a circuit clerk. I am not inclined to modify my opinion in light of Rothrock, which issued before the passage of Amendment 55 reorganized county government and vested considerable new powers in the quorum court. Even assuming Rothrock
accurately states present law, which I doubt, the law as stated in that case would still support the uncontested retention of private counsel to handle county business. The limited scope of the ruling in Rothrock is reflected in the court's analysis of an earlier case, Oglesby v. FortSmith District of Sebastian County, 119 Ark. 567, 174 S.W. 215 (1915):
 This was a suit where the special attorney employed by the county court presented a claim for legal services. His claim was disallowed, and on appeal to this court the judgment of the circuit court was affirmed, and while a majority of the judges voted to affirm it, they did so for different reasons. It is true that the opinion said in that case: "We think the county court has power to employ additional counsel when in his judgment the interests of the county are of sufficient importance to demand it, or, in cases where the prosecuting attorney neglects or refuses to perform the duties imposed upon him by statute, or, where his other duties are of such character that he does not have time to properly represent the county. We are of the opinion, however, that, the power of the court to employ additional counsel does not give the right, under the guise of such employment, to take the case out of the hands of the prosecuting attorney and confide its management to other attorneys without consultation with the prosecuting attorney, or for the purpose of furthering the private interests of the county judge."
 There is no evidence in the instant case that the prosecuting attorney neglected or refused to perform his duty, and as stated in the case cited, the county court did not have the right to take the case out or the hands of the prosecuting attorney and confide its management to other attorneys.
In my estimation, Rothrock stands only for the proposition, which today is of questionable application, that the county court's (now the quorum court's) discretion to appoint private counsel does not extend to flouting a prosecutor's desire to pursue a case he is statutorily obliged or permitted to handle. As reflected in the foregoing passage, Rothrock
expressly acknowledges that the county court may appoint private counsel in a particular instance if the prosecutor does not object. As reflected in the following, this rule applied even if the prosecutor was statutorily charged with handling the case:
 Aside from the conclusiveness of the findings of the above order, it is well settled that the matter of employment of special counsel rests within the sound discretion of the county court, which, while subject to review, will not be disturbed, unless it is shown that there was an abuse of such discretion, the presumption being that in any given case the court will not create an unnecessary expense, but will act for the county with that degree of prudence which careful business men exercise in relation to important affairs, and, even in cases where it is the duty of the prosecuting attorney to act, the court may employ other counsel when in its judgment the interests of the county and the matter involved are of sufficient importance to demand it. Oglesby v. Ft. Smith, etc., 119 Ark. 67; Buchanan v. Farmer, 122 Ark. 562; and cases there cited; Johnson County v. Patterson, 167 Ark. 287. Without deciding that it was the duty of the prosecuting attorney to represent the county, there was testimony to the effect that he was not ignored, but that on the day the special attorney was employed, the prosecuting attorney was consulted, and he indicated that because of the press of official business the employment of special counsel was satisfactory. . . .
Board Of Education Of Lonoke County v. Lonoke County, 181 Ark. 1046,1049, 29 S.W.2d 268 (1930). As reflected in the text of my discussion, in the wake of Ark. Const. amend. 55 and A.C.A. § 14-14-902, I strongly doubt a prosecuting attorney could insist on representing the quorum court, the county judge or the county court in any particular matter if the quorum court by ordinance determined that the matter should be handled by private counsel.
No appellate decision has ever invoked Rothrock for any proposition. This office has only invoked the case once, some thirteen years ago, in support of the general proposition that "prosecutorial matters are generally within the discretion of the prosecuting attorney." Ark. Op. Att'y Gen. No. 88-171.
[3] This opinion might conceivably be read as in tension with Ark. Op. Att'y Gen. No. 94-067, in which my immediate predecessor opined, interalia, that when a county does not have a private civil attorney, a quorum court can authorize by ordinance an appropriation for private legal counsel to handle county matters the prosecuting attorney is not obligated to handle. Implicit in this conclusion might be a suggestion that a prosecutor must handle all duties he is statutorily charged to perform unless these are transferred in toto to private counsel pursuant to A.C.A. § 14-14-902(b)(2). I do not believe my predecessor's opinion need be read this narrowly. See discussion of Board Of Education OfLonoke County, supra at n. 2. Moreover, I will anticipate my response to your second question by pointing out that no statute requires the prosecutor to handle legal matters attending construction of a county jail — a fact that would render the appropriation permissible even under a narrow reading of my predecessor's opinion.
[4] This section of the constitution applies to the counties as well as the state. Mackey v. McDonald, 255 Ark. 978, 986, 501 S.W.2d 726 (1974);Nevada County v. News Printing Company, 139 Ark. 502, 206 S.W. 899
(1918).